## MILLS *against* SKINNER and another:

### IN ERROR.

In a plea to an action on a bond, the conditions of which are general and in the affirmative, in contra-distinction to those which are in the negative, disjunctive or alternative, a general allegation of performance is sufficient.

Where the condition of the bond in suit was, that the trustee of an insolvent person under the statute of 1828, should faithfully perform his duties; and the replication to a general plea of performance, stated, that the court of probate appointed appraisers of the property assigned, but that the trustee did not, within two months after the assignment and his acceptance of the trust, make a true and perfect inventory and appraisement of the property held by him in trust, nor a list of the credits and *choses in action,* and has ever refused and neglected to inventory and appraise a large amount of the property so assigned, especially one gold watch and trimmings thereto, of the value of 150 dollars; without averring, that any credits or *choses in action* were assigned to the trustee, or that the articles specified were the property of the insolvent, or ever came to the possession or knowledge of the trustee; it was held, that the breach in question was not well assigned.

So, where the replication stated, that commissioners, duly appointed according to the statute, reported to the court of probate, that the sum of 1611 dollars was due to the several creditors, that their report was duly accepted, that the assets in the hands of the trustee amounted to 1500 dollars, and were nearly sufficient to pay all the debts allowed by the commissioners, and that to three creditors, (who were named,) the commissioners allowed certain sums, but that the trustee had paid no part of the sums thus found to be due; without shewing, that the trustee had in his hands a *surplus* of assets beyond the preferable claims, which were applicable to the payment of the debts specified; it was held, that this breach was not well assigned.

So, where the replication stated, that the court of probate made an order that

*Litchfield,*
June, 1840.

Mills
*v.*
Skinner.

the trustee should settle the estate, within one year from that time, and that he did not settle the estate within such year, nor had he ever settled the same, but neglected and refused so to do ; without showing what acts, necessary to complete the settlement of the estate, the trustee had left undone ; it was held, that this breach was not well assigned.

So, where the replication stated, that the court of probate made an order, requiring the trustee to sell all the estate assigned to him, giving public notice of the time and place of such sale, but that he did not comply with such order, or any part thereof; without showing, that a reasonable time had elapsed, since the order, for effecting the sale ; it was held, that this breach was not well assigned.

The reason why the replication must be specific, while the plea may be general, in such case, is, that the *onus* lies on the plaintiff of pointing out the particular violations of the bond, that the defendants may be apprized of the facts, which the plaintiff will attempt to prove, on the trial.

THIS was an action of debt, brought by the plaintiff, as judge of probate, upon a bond given by the defendants, one as principal and the other as surety, for the faithful performance of the duties of trustee, of the estate of *Leonard R. Griswold,* in pursuance of the requirements of the act against fraudulent conveyances, passed in 1828.

The defendants, after oyer, pleaded performance of the conditions of the bond by the assignee, generally, without specifying the particular acts done in fulfilment of those conditions. To this plea the plaintiff replied, specifying the breaches for which he claimed to recover damages.

The replication alleged, " 1. That said court of probate, at a court holden on the 2nd day of *March*, 1835, appointed *James C. Cleveland* and *Chester Soper*, two disinterested and judicious persons, appraisers of the estate assigned by the said *Griswold ;* and that the said trustee did not, with the assistance of said appraisers, make or cause to be made, within two months of the time of the making of said assignment and his acceptance of said trust, a true and perfect inventory and appraisement of the estate so to him assigned in trust, according to its true and just value ; nor a list of the credits and choses in action ; nor has he, at any time, made such an inventory and appraisement ; nor a list of the credits and choses in action, according to the statute in such case made and provided ; but wholly neglected and refused so to inventory and appraise a large amount of the property so assigned, and especially one gold watch and the trimmings thereto, of the value of 150 dollars.

" 2. That commissioners were duly and legally appointed on said estate to receive and examine the claims of the creditors of said *Griswold ;* and said commissioners made their report thereon to said court of probate, on the 19th day of *October*, 1835 ; by which report of said commissioners it appeared, that there was then due from said estate to the different creditors thereof, the sum of 1611 dollars, 82 cents ; which report of said commissioners was duly accepted, by said court of probate : that the assets in the hands of said trustee amounted to the sum of 1500 dollars, and were nearly sufficient to pay all the debts, which were allowed against said estate, by said commissioners : that *Nathaniel B. Gaylord, Samuel B. Smith,* and the estate of *Riley Whiting,* were creditors of said *Griswold,* and within the time limited by said court, exhibited their respective claims to said commissioners, which they allowed, *viz.* to said *Gaylord,* the sum of 260 dollars and 57 cents ; to said *Smith,* the sum of 138 dollars and 21 cents ; to the estate of *Riley Whiting,* the sum of 85 dollars ; and the said trustee has wholly neglected to pay said several sums respectively due to said *Gaylord,* said *Smith,* and said *Whiting's* estate, or either of them, or any part of the same ; and said sums are now due and unpaid.

" 3. That on the 2nd day of *March,* 1835, said court of probate made an order, directing said trustee to settle said estate within one year from and after said 2nd day of *March,* 1835 ; and that afterwards, *viz.* on the 3rd day of *February,* 1836, said court of probate extended the time for closing the settlement of said estate to the 2nd day of *September,* 1836 ; but that said trustee did not close said estate within one year from said 2nd day of *March,* 1835, the date of said bond or order, nor by the 2nd day of *September,* 1836 ; nor has he ever settled the same, but wholly neglects and refuses so to do.

" 4. That on the 18th day of *April,* 1835, said court of probate made and issued an order to said trustee, authorizing and ordering him to sell and dispose of all the estate of said *Griswold* so assigned to him, either at public or private sale ; and ordering and requiring said trustee to give public notice of the time and place of such sale, by posting notice on the sign-post in *Winchester,* near the meeting-house in *Winsted,* and by posting notice in two other public places in said *Win-*

*sted ;* but that said trustee did not comply with said order last above stated, nor any part thereof."

To the replication the defendants demurred specially. The superior court adjudged the replication insufficient, and rendered judgment for the defendants. The plaintiff, by motion in error, thereupon brought the record before this court, for revision.

*O. S. Seymour* and *Hall,* for the defendants in error, (*a*) contended, 1. That the first breach assigned, *viz.* that the trustee did not make an inventory within two months, and that he never made one, was insufficient. The replication must state, in the first place, *what property* he neglected to inventory, or to meet the allegation of no inventory, that that there was property of the assignor, and what that property was. Here no property is specified, except a gold watch and its trimmings; and it is not averred, that even these were the property of the assignor. Secondly, it must be averred, that such property came into the possession or knowledge of the trustee ; which is not here shewn. Thirdly, it is not averred, that the judge of probate, as the statute provides, (*Stat.* 265. *s.* 5. ed. 1835.) ever directed the order in which the debts were to be paid ; and until such direction is given, the trustee is not bound to pay over.

2. That the second assignment of breaches is insufficient, first, because it does not shew, that the trustee had assets liable for the payment of the claims specified. By the statute, (*s.* 6.) taxes, debts due to this state, and the expenses of the trust, are first to be paid ; and it is not shewn, that these claims would not absorb all the assets. Secondly, the replication does not shew by what court, or by whom, the commissioners were appointed. The averment that " commissioners were *duly* and *legally* appointed," raises merely an issue in law. *Griffin* v. *Pratt* & al. 3 *Conn. Rep.* 513. 515.

3. That the third assignment of breaches is bad for its generality. That the trustee did not *close* or *settle* the estate,

---

(*a*) As the case depended, principally, upon the sufficiency of the replication, the counsel for the defendants, who took the exceptions, went forward in the argument. This, however, was done, by an understanding between the coun sel, and by the permission, rather than by any decision, of the court.

Litchfield, June, 1840.

Mills
*v.*
Skinner.

*Litchfield,*
*June, 1840.*

Mills
*v.*
Skinner.

is a mere traverse of the defendants' plea of performance. The office of an assignment of breaches is, to give the defendant notice *what acts* are relied upon as a violation of his duty.

4. That the fourth assignment of breaches is also insufficient. It does not appear *when* the order directed the property to be sold. If the order specifies the time, the pleader ought to state it, that the opposite party may know whether the time had arrived, when the suit was instituted. If the order does not specify the time, then it is either a nullity, or to be complied with in a *reasonable time.* But the replication does not aver, that a reasonable time had elapsed before the commencement of the suit.

*L. Church,* for the plaintiff in errror, after complimenting his brethren of the *Litchfield* county bar, for the liberality of their practice, and, particularly, their habit of avoiding technical objections which did not go to the merits of the cause, and which, if they prevailed, had no other effect than to throw a bill of costs upon the unfortunate pleader, remarked, that all the paragraphs of the replication, though relating to several particulars, were to be taken together as one assignment of breaches, and contended, 1. That the averments of the replication, thus considered, shewed a palpable breach of duty on the part of the trustee, and rendered the defendants liable on their bond. It is explicitly averred, that the trustee has made no inventory of the property assigned ; that he has not sold the property ordered to be sold ; and that he has not settled the estate according to the condition of his bond.

2. That at any rate, the plaintiff's replication was good enough for the defendants' plea. Having admitted the execution of the bond, with the condition thereto annexed, they must shew performance ; and as this consists of a number of acts, they must all be enumerated ; as on a covenant to enfeoff all his lands, the covenantor, in shewing performance, must state them all ; so if a person be bound to pay all the legacies in a will, he must specify them all, and aver payment of each. 1 *Wms. Saund.* 117. n.   2 *Chitt. Plead.* 528, 9. n.   By referring to the statute, the defendants incorporate all the acts required by that statute, in the condition of the bond ; and

now, they must shew, in their plea, that they have done all those things.

SHERMAN, J. In discussing the demurrer, in this case, it is contended, by the plaintiff, that the plea of the defendants is insufficient, because it does not set forth the particular acts of the trustee, by which he has performed the conditions of the bond. We are of opinion that the plea is correct. The conditions of the bond are general, and in the affirmative; not in the negative, disjunctive or alternative. A general allegation of performance is, in such a case, sufficient. *Co. Litt.* 303. *b.* Lord *Arlington* v. *Merricke,* 2 *Wms. Saund.* 410. n. (3.) 2 *Chitt. Plead.* 481. n. (*x.*) *Cutler* v. *Southern,* 1 *Wms. Saund.* 116. n. (1.)

In his replication, the plaintiff has assigned four particulars, in which he claims that the trustee has failed to perform the conditions of his bond.

1. The first is, that on the 2nd day of *March,* 1835, the court of probate appointed appraisers of the property assigned, but that the trustee did not, within two months of the date of the assignment and his acceptance of the trust, make a true and perfect inventory and appraisement of the property held by him in trust, nor a list of the credits and choses in action; and has ever refused and neglected to inventory and appraise a large amount of the property so assigned, especially one gold watch and trimmings thereto, of the value of 150 dollars.

As to the credits and choses in action, the insufficiency of this part of the replication is very obvious. There is no averment that any credits or choses in action, were assigned to the trustee. And as to the other property, of which a watch and its trimmings are the only articles specified, there is no allegation that it was the property of *Griswold,* the assignor, or that it ever came into the possession or knowledge of the trustee. These assignments are often made in general terms, without specifying any article, and unaccompanied by a schedule. In what form this was made, the court have not the means of knowing; but even if it contained a detailed specification of the property, the plaintiff should have averred, that it belonged to the assignor and came to the possession or knowledge of the trustee; for the trustee could inventory no

*Litchfield,*
June, 1840.

Mills
*v.*
Skinner.

property contained in the written assignment, to which the assignor was not entitled, nor be chargeable with negligence for omitting any which was not delivered, or known by him to exist. The facts stated in the replication were, therefore, not sufficient to authorize the court of probate to order or oblige the trustee to make an inventory of any part of the property alleged to be omitted. "The plea of every man," says Sir *Edward Coke*, "shall be construed strongly against him that pleadeth it, for every man is presumed to make the best of his own case." *Co. Litt.* 303. The mere fact that property is contained in a written assignment, unaccompanied by ownership or possession, yields no presumption of title, either in the assignor or assignee; much less, is an averment of such an assignment a sufficient allegation in pleading, to shew that the trustee is accountable for the property. But if the ownership of the assignor be ever so distinctly averred, the pleading is defective, unless the property is also shewn to have come to the possession or knowledge of the trustee.

2. The second breach assigned is, that commissioners duly appointed according to the act, reported, on the 19th of *October*, 1835, to the court of probate, that the sum of 1611 dollars, 82 cents, was due to the several creditors; that their report was duly accepted; that the assets in the hands of the trustee amounted to 1500 dollars, and were nearly sufficient to pay all the debts allowed by the commissioners; and that to three creditors, who were named, the commissioners allowed certain sums specified in the replication; but that the trustee had paid no part of the sums thus found to be due.

But, by the provisions of the act, section 6th, taxes, debts due to this state, and charges incident to the trust, are first to be paid. The creditors, whose debts are allowed by the commissioners, are not entitled to any thing, until those previous liabilities are all discharged. The trustee is liable to those creditors, only in respect to the assets, which are applicable to the payment of their debts. In order, therefore, to shew his liability, it was incumbent on the plaintiff to shew, not only that he had assets, but that they were liable to be so applied. But in this case, we cannot infer from the facts stated by the plaintiff, that the creditors, whose debts the commissioners had allowed, and who were to be paid, *pro rata*, from the clear estate, were entitled to a dollar. Debts

*Litchfield,*
June, 1840.

Mills
*v.*
Skinner.

due to the school fund, or other preferable claims mentioned in the act, may surpass the amount of the assets. The trustee being liable for the surplus only, proper averments, to shew that there was such a surplus, were indispensable.

3. The plaintiff next alleges, that the court of probate made an order that the trustee should settle said estate within a certain period, first limited to one year from the 2nd day of *March*, 1835, and afterwards enlarged to the 2nd day of *September*, 1836 ; " and that said trustee did not close said estate within one year from the said 2nd day of *March*, 1835, the date of said bond and order, nor by the 2nd day of *September*, 1836 ; nor has he ever settled the same, but wholly neglects and refuses so to do." To this charge, the defendants demur specially, because it does not state what acts were omitted to be done to complete the settlement of the trust estate ; and because the matters therein are so alleged that the defendants can take no issue on them.

The general averment of the defendants, in their plea, that the trustee had kept and performed the conditions of the bond, required on the part of the plaintiff a specification, with legal certainty, of the breaches on which he meant to insist. But the allegations in this part of the replication are as general as if he had merely traversed the plea of the defendants. It involves a general denial of performance, embracing every duty and obligation imposed, by the conditions of the bond. It is not the duty of the defendants to specify the acts, which the trustee has performed, but of the plaintiff to show what he has left undone. The reason why the plea may be more general than the replication, in a case like this, is, that the *onus* lies on the plaintiff of pointing out the particular violations of the conditions of the bond. This is required to apprise the defendants of the facts, which the plaintiff will attempt to prove, on the trial. This is the great end of special pleading. But the averments in question amount to a general allegation of non-performance only, and if deemed sufficient, would supersede all other parts of the replication. They are a mere traverse of the defendants' plea ; and if issue had been taken upon them, by the defendants, it would amount to a repetition of the plea already given.

4. The last breach assigned by the plaintiff, is, the non-compliance of the trustee, with an order of the court of pro-

*Litchfield,*
June, 1840.

Mills
*v.*
Skinner.

bate, made the 18th day of *April*, 1835, to sell the estate as-signed, giving notice of the time and place. No time for the sale is prescribed; and the most that the plaintiff could claim, under such an order, would be, that it should be executed in a reasonable time. But there is no averment that a reasonable time had elapsed. For this reason the replication is manifestly defective. In *Parsons* v. *Camp*, 11 *Conn. Rep.* 529., this court say: "What constitutes a reasonable time, is partly a question of law, and partly a question of fact. The mere circumstance that more than twenty days had elapsed since all other objects of the license [the matter then in question] were accomplished, would not conclusively prove, that a reasonable time had elapsed. It is not stated, whether any, and if any, what circumstances were given in evidence to shew that this was a reasonable time." Upon the same principle, we cannot, in this case, decide, that the time which has elapsed since the 18th of *April*, 1835, does necessarily, *per se*, constitute a reasonable time for the performance of the order of sale. There is nothing here, which can enable us to dispense with the averment that a reasonable time has elapsed. If it has not, the trustee is certainly not in fault for having neglected to sell. It is a substantial and necessary allegation. The trustee may have been deprived of the possession of the property, and thereby a sale necessarily delayed until after suit was brought. Many other circumstances may have occurred, which would render the delay reasonable. But if the defendants had joined issue on this part of the replication, the plaintiff must have had a verdict, even if the suit had been instituted within a very short time after the date of the order; for the order would have been unexecuted. Whether a reasonable time had elapsed, the jury could not inquire; for it was not involved in the issue.

For these reasons, without adverting to others urged in the argument, we consider the replication as insufficient, and affirm the judgment of the superior court.

In this opinion the other Judges concurred, except STORRS, J., who was not present.

**Judgment affirmed.**