PORTER L. WOOD *vs.* PATRICK KENNEY.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Argued January 20th—decided March 4th, 1926.

ACTION to recover damages for injuries to person and property from the alleged negligence of defendant in the operation of his automobile, brought to the Superior Court in New Haven County and tried to the jury before *Booth, J.;* verdict for defendant, and appeal by plaintiff. *No error.*

*Porter L. Wood, pro se,* for the appellant (plaintiff).

*Walter J. Walsh,* for the appellee (defendant).

PER CURIAM. The error assigned in failing to correct the finding in accordance with exceptions one and two cannot be considered, since the appellant has not com-

plied with the requirements of our procedure. See General Statutes, §§ 5830, 5831; Rules of Supreme Court of Errors, § 11 (Practice Book, p. 309).

The fourth error assigned in denying the plaintiff's motion in arrest is based upon the claimed misconduct of a juror. The finding of facts discloses that there was no misconduct of the juror, that the claimed misconduct was too trivial for consideration, that the act alleged was not occasioned by the prevailing party or anyone in his behalf, and that it did not unfavorably prejudice the appellant. *State* v. *Rubuka,* 82 Conn. 59, 61, 72 Atl. 566; *Pettibone* v. *Phelps,* 13 Conn. 444; *Wood* v. *Holah,* 80 Conn. 314, 316, 68 Atl. 323. Under such circumstances the trial court could not have legally sustained the motion in arrest.

There is no error.