STATE OF CONNECTICUT *v.* WILLIAM C. WILLIAMSON

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued November 12—decided December 3, 1947

*David Cramer,* with whom was *Clayton L. Blick,* for the appellant (defendant).

*H. Roger Jones,* state's attorney, for the appellee (state).

PER CURIAM. In this appeal by the defendant from his conviction of certain crimes in a trial to the jury, the only error presented is that the trial court should have granted a motion for a mistrial which was based upon the claim that the judge in the course of the trial invited the complaining witness and her mother into his chambers and there discussed with the former matters pertaining to the case and reassured her as regards her testimony as a witness. The denial of the motion, made, as it was, in the course of the trial, was an interlocutory ruling

which could only be presented by a finding; *State* v. *Esposito,* 122 Conn. 604, 607, 191 A. 341; Conn. App. Proc., p. 98; and without such a finding the record does not present any question for our consideration. Counsel for the defendant have, however, argued the case upon the basis of the transcript of evidence printed in the record. If we turn to it, we find a discussion of the motion in the absence of the jury; and from the statement made by the court at that time all that appears is that the trial judge did call the complaining witness and her mother into his chambers to find out if the former, who in the course of her examination as a witness had shown a low mentality and considerable hesitance, could go on with the trial. This was done without the knowledge of the jury. It would have been much better practice for the judge to have invited the counsel for the defendant to be present at the interview or at least secured his consent to have it carried on in his absence. The granting of a motion for a mistrial rests largely in the trial court's discretion. *Bluett* v. *Eli Skating Club,* 133 Conn. 99, 104, 48 A. 2d 557. In the absence of any finding which would indicate that the trial judge went further than he stated, there is no basis upon which we could find that the trial court abused its discretion in denying the motion or that the conduct of the judge was prejudicial in any degree to the defendant; and it is only prejudicial error which justifies the direction of a new trial. *Brodie* v. *Connecticut Co.,* 87 Conn. 363, 368, 87 A. 798; Conn. App. Proc. § 12.

There is no error.