WILLIAM M. GENUARIO ET AL., EXECUTORS (ESTATE OF LOUIS KLEIN) *v.* SARAH R. FINKLER ET AL.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON AND BALDWIN, JS.

Argued January 11—decided March 7, 1950.

*Richard S. Weinstein,* with whom was *Sidney Vogel,* for the appellants (defendants).

*John Keogh, Jr.,* with whom, on the brief, were *Frank J. Culhane* and *Raymond T. Benedict,* for the appellees (plaintiffs).

MALTBIE, C. J.   In this appeal by the defendants from a judgment for the plaintiffs in a trial to the jury, the principal claim is that the complaint, in which a conversion of certain money was alleged, was an improper basis for a recovery in the action.

The deceased, Louis Klein, of whose estate the plaintiffs are executors, had a savings bank deposit in his own name.   He withdrew it and immediately redeposited it in the names of the defendant Mrs. Gruber and himself, under this designation: "Louis Klein or Mildred Gruber, payable to either or the survivor." Thereafter Mrs. Gruber, both during Klein's life and after his death, made withdrawals from the account. The action was brought to recover damages on the basis that she had no right to the money so withdrawn. The complaint was in two counts; the first alleged a conversion of the money by Mrs. Gruber, a conversion in which the other defendant participated; and the second alleged that the two conspired to deprive Klein and his estate of the money.   The trial court instructed the jury to disregard the second count and charged them that the controlling issue was whether or not Klein made a gift of the money in the account to Mrs. Gruber.   The principal contention of the defendants is that as Klein and Mrs. Gruber were joint owners of the bank deposit, the only proper form of action would be one for an accounting.   To that contention, there are two answers.   The first is that no such claim was

made at the trial and there is no sufficient reason in this case why we should depart from the usual rule that we will not consider claims not raised at the trial. Conn. App. Proc. § 44. That rule is particularly applicable to a claim that the complaint was defective which was not raised until after the case had been fully tried and decided. *Foster* v. *Balch*, 79 Conn. 449, 453, 65 A. 574; *Meyers* v. *Arm*, 126 Conn. 579, 582, 13 A. 2d 507. The second answer is that the plaintiffs did not bring their action to recover on the ground that the bank deposit was jointly owned by the deceased and Mrs. Gruber; their claim was that Mrs. Gruber had no legal right to the money in the account, and by their verdict the jury so found.

The only other assignment of error presented to us is the denial of a motion for a mistrial made by the defendants because of a conversation one of the jurors had with certain persons who were not members of the jury. In their draft finding the defendants did not seek a finding with reference to the matter but instead stated that the trial court heard the testimony of certain witnesses as to it, "all of which is not set forth here since the same will appear in the record when presented to the Supreme Court of Errors," and that the trial court had denied the motion. In its finding the trial court adopted this portion of the draft finding. A finding was necessary properly to present the claim of error in the denial of the motion. *State* v. *Williamson*, 134 Conn. 203, 204, 56 A. 2d 460. We have, however, as we did in the case last cited, read the testimony of the witnesses. The conversation was very casual; it was not instigated by the plaintiffs or anyone represented by or connected with them, nor did any such person participate in it; and the trial court could well have concluded that there was nothing in it which would tend to influence the juror in any way

in fairly considering the evidence in the case. In fact, its general tenor was as favorable to the defendants as to the plaintiffs, if not more so. We cannot find that the trial court abused its discretion in denying the motion. *Brodie* v. *Connecticut Co.*, 87 Conn. 363, 368, 87 A. 798; *Wood* v. *Kenney*, 104 Conn. 738, 739, 132 A. 451; *Bluett* v. *Eli Skating Club*, 133 Conn. 99, 104, 48 A. 2d 557.

There is no error.

In this opinion the other judges concurred.