JOSEPH PALEGA *v.* CHARLES BULGAJEWSKI ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued November 7—decided December 4, 1962

*Jay W. Jackson,* with whom, on the brief, was *Eugene A. Massey,* for the appellant (defendant Francis).

*Thaddeus Maliszewski,* for the appellee (plaintiff).

PER CURIAM.  In this action claiming damages for personal injuries sustained as a result of the negligence of the owner and the operator of a motor vehicle, the ·plaintiff recovered a verdict against both defendants.  The court refused to set the verdict aside, and the defendant Clifford J. Francis, the owner of the vehicle, appealed.

The appeal is defective in form, because it is taken from the denial of the motion to set aside the verdict rather than from the final judgment.  General Statutes § 52-263; Maltbie, Conn. App. Proc. § 183.  The plaintiff, by failing to move to dismiss the appeal, has waived the defect.  *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596; *Van Detti* v. *Parsons Bros., Inc.,* 146 Conn. 282, 283, 150

A.2d 200. Since the action of the court on a motion to set aside a verdict is to be tested by the evidence, a finding serves no purpose. *Putney* v. *Lehigh Truck Equipment Corporation,* 145 Conn. 731, 141 A.2d 482. Nevertheless, Francis requested, and the court made, a finding. Francis thereupon assigned error in the finding but then failed to pursue the assignments in his brief. We therefore treat them as abandoned. *Salgreen Realty Co.* v. *Ives,* 149 Conn. 208, 211, 177 A.2d 673; *State* v. *Ferraiuolo,* 145 Conn. 458, 459, 144 A.2d 41. The only issue raised on the appeal is the denial of the motion to set aside the verdict. In presenting this issue, Francis has printed in the appendix to his brief the testimony of all but three witnesses. Included in the resulting 138 printed pages are 22 pages relating to damages which have no bearing on the claims sought to be raised. The pertinent evidence should have been stated in narrative form. Practice Book § 448; *Putney* v. *Lehigh Truck Equipment Corporation,* supra. In view of the imperfections in the record, we cannot review the case.

There is no error.