EDWARD H. TEITELMAN v. HERMAN BLOOMSTEIN

ALCORN, HOUSE, COTTER, THIM and COVELLO, Js.

Argued October 10—decided December 19, 1967

*Morris W. Mendlesohn* and *Charles Henchel,* for the appellant (plaintiff).

*Peter C. Dorsey,* for the appellee (defendant).

HOUSE, J. The plaintiff has appealed from a decision of the Court of Common Pleas denying his

motion to set aside a directed verdict for the defendant. The appeal is defective in form because it is taken from the denial of the motion to set aside the verdict rather than from the final judgment. General Statutes § 52-263; Practice Book § 600; *Palega* v. *Bulgajewski,* 150 Conn. 695, 186 A.2d 801; Maltbie, Conn. App. Proc. § 183. The defendant, however, by failing to move to dismiss the appeal, has waived the defect. *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596; *Van Detti* v. *Parsons Bros., Inc.,* 146 Conn. 282, 283, 150 A.2d 200.

The plaintiff requested a finding so that this court could review two questions: Did the court abuse its discretion in refusing to grant the plaintiff's motion for a mistrial, and did the court err in directing a verdict for the defendant? The denial of a motion for a mistrial made in the course of the trial is an interlocutory ruling which can only be reviewed on the basis of a finding. *Genuario* v. *Finkler,* 136 Conn. 500, 502, 72 A.2d 57; *State* v. *Williamson,* 134 Conn. 203, 204, 56 A.2d 460; see *Wooster* v. *Wm. C. A. Fischer Plumbing & Heating Co.,* 153 Conn. 700, 703, 220 A.2d 449. Accordingly, a relatively simple type of finding as prescribed by § 649 of the Practice Book and limited to the circumstances of the ruling was proper and necessary for a review of that ruling by this court. See Practice Book § 609. No finding relevant to the general issue of liability is, however, necessary or appropriate for a review of the court's refusal to set aside a verdict where it is claimed, as it was in this case, that the evidence and permissible inferences warranted a verdict different from that rendered. In such circumstances the action of the court is to be tested, not by a finding, but by the evidence contained in the appendices to the briefs, and a find-

ing serves no purpose. Unless the evidence is printed in the appendix there is no basis to consider the appeal on this ground. Practice Book §§ 716, 718, 720–722; Maltbie, Conn. App. Proc. § 185. Our decisions have made this abundantly clear. Among recent cases, see *State* v. *Vars,* 154 Conn. 255, 258, 224 A.2d 744; *Hook* v. *Dubuque,* 153 Conn. 113, 114, 214 A.2d 376; *Chanosky* v. *City Building Supply Co.,* 152 Conn. 642, 643, 211 A.2d 141; *Kingston* v. *Blake,* 151 Conn. 714, 715, 201 A.2d 460; *State* v. *Keating,* 151 Conn. 592, 595, 200 A.2d 724, cert. denied, sub. nom. *Joseph* v. *Connecticut,* 379 U.S. 963, 85 S. Ct. 654, 13 L. Ed. 2d 557; *Sitnik* v. *National Propane Corporation,* 151 Conn. 62, 67, 193 A.2d 503; *Palega* v. *Bulgajewski,* supra, 696; *State* v. *Weinrib,* 140 Conn. 247, 248, 99 A.2d 145; *Keeler* v. *General Products, Inc.,* 137 Conn. 247, 252, 75 A.2d 486. Present counsel were reminded of this requirement in *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 493, 498, 208 A.2d 748. Nevertheless, the appendix to the plaintiff's brief contains no evidence whatsoever relevant to the issue of liability. Since it is the contention of the defendant that there was no evidence which would support the claim of the plaintiff that he had proven liability, the defendant's appendix, logically, contains no evidence which would aid the plaintiff. Accordingly, we have no factual basis upon which to review the plaintiff's claims that the evidence and the permissible inferences warranted a verdict for the plaintiff and that the court was in error in directing a verdict for the defendant and subsequently in refusing to set that verdict aside.

We can consult the court's memorandum of decision for a better understanding of the rationale of the decision on the motion for a mistrial and

to ascertain the ground on which the court acted. *Lupinacci* v. *Planning & Zoning Commission,* 153 Conn. 694, 700, 220 A.2d 274; *Rogers* v. *Great Atlantic & Pacific Tea Co.,* 148 Conn. 104, 106, 167 A.2d 712; Maltbie, Conn. App. Proc. § 152. It appears from the memorandum that, after the plaintiff had concluded the presentation of his case in chief, he rested, and the defendant thereupon rested without introducing any evidence and moved for a directed verdict in his favor, which the court granted. The memorandum discloses that the motion was granted on two grounds, either of which was sufficient to justify the action. The first ground was that there was no evidence as to what actually caused the plaintiff to fall. The court concluded: "For the jury to have determined this case on the evidence presented before it, would have meant nothing less than resorting to sheer conjecture, surmise and speculation. *Sigel* v. *Gordon,* 117 Conn. 271, 275 [167 A. 719]." "In a negligence action it is incumbent upon the plaintiff to allege and prove not only the negligence of the defendant but a causal relation between the negligence alleged and the damages claimed. A causal relation between the defendant's wrongful conduct and the plaintiff's injuries is a fundamental element without which a plaintiff has no case. Hence, this causal relation must be alleged and proved. *Gothreau* v. *New York, N.H. & H.R. Co.,* 148 Conn. 65, 67, 167 A.2d 244; *Kinderavich* v. *Palmer,* 127 Conn. 85, 15 A.2d 83; *Mahoney* v. *Beatman,* 110 Conn. 184, 147 A. 762; see Green, 'Proximate Cause in Connecticut Negligence Law,' 24 Conn. B.J. 24." *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 22, 213 A.2d 449.

The second ground upon which the court predicated its decision was that the plaintiff had pro-

duced no evidence that the defendant had in his home a dangerous condition of which he knew or should have had knowledge. Proof of this allegation of the plaintiff's complaint was essential to any recovery by the plaintiff. As the accident occurred in New York, liability was to be determined by the law of that state. "The creation and extent of liability in tort are fixed by the law of the state in which the tort is committed." *Bissonnette* v. *Bissonnette,* 145 Conn. 733, 734, 142 A.2d 527; *Bohenek* v. *Niedzwiecki,* 142 Conn. 278, 282, 113 A.2d 509; *Gondek* v. *Pliska,* 135 Conn. 610, 613, 67 A.2d 552. Under New York law, the plaintiff, as a social guest in the home of the defendant, had the status of a licensee, and to establish liability on the part of the defendant host for injuries alleged to have been caused by a defect on the premises it was necessary that the plaintiff allege and prove not only the existence of the alleged defect but that the defendant knew or should have had knowledge of its existence. *Krause* v. *Alper,* 4 N.Y.2d 518, 520, 151 N.E.2d 895; *Cesario* v. *Chiapparine,* 21 App. Div. 2d 272, 276, 250 N.Y.S.2d 584. The court's memorandum of decision indicates that the plaintiff's proof of these essentials was lacking.

As we have already indicated, on this appeal the plaintiff has not printed in the appendix to his brief any evidence whatsoever relevant to the issue of liability. There is, consequently, nothing in the record before us to suggest that the court was in error in its statements concerning the lack of evidence to prove both of these allegations. Nor is there any basis on which we can review the present assertions of the plaintiff that such evidence was in fact submitted for the jury's consideration. Our recital of the court's observations contained in the

memorandum of decision is made only because they are necessary to a full understanding of the situation surrounding the court's denial of the motions to set aside the directed verdict and for a mistrial.

The remaining assignments of error all relate to the court's refusal to grant the plaintiff's motion for a mistrial. The court properly made a finding of fact so that its ruling on the motion for a mistrial could be reviewed on appeal. Practice Book § 609. It is subject to certain deletions and corrections claimed by the plaintiff since it recites some facts which are not supported by the record. We confine our consideration to the facts in the finding which are supported by the record, and we disregard the many argumentative characterizations and unsupported statements of fact, conclusion and belief with which the plaintiff's draft finding and brief are replete.

Certain facts contained in the court's finding relevant to the making of the motion and its denial are not disputed and are necessary to understand the circumstances of the motion and its denial. The defendant is the nephew of the plaintiff's wife and is a doctor living on Long Island, New York. He and the plaintiff had been friendly for a period of about ten years, and, as had been their practice, in August, 1964, the plaintiff and his wife visited the defendant, who flew them in his own airplane from New Haven to Long Island. While taking a shower in the defendant's home, the plaintiff, in stepping out of the bathtub, slipped, fell and injured his left shoulder. There was a bathroom rug on the floor. In stepping from the bathtub, the plaintiff put his right foot on the rug without anything happening. As he put his left foot down, the rug slipped and the plaintiff fell. About four

or five days after the accident, the plaintiff and the defendant looked at the rug, and the plaintiff observed some friction tape or black strips across the bottom of the rug, but he did not look long enough to be able to describe the condition of the tape. After his injury, the plaintiff was treated by the defendant, whose statements as to the diagnosis, treatment and estimate of the degree of permanent, partial disability were testified to by the plaintiff.

The case was first assigned for trial on November 12, 1965, and the trial commenced on December 15, 1965, after both counsel indicated their readiness to commence trial; neither side sought a continuance. The defendant was not subpoened to testify, nor had the plaintiff's attorneys made any attempt to take his deposition. The defendant's attorney made no agreement to produce the defendant for testimony, and no request to produce him was made by the plaintiff's attorneys until the second day of trial. After the first day of trial, without permission from the defendant's attorney, the plaintiff's attorneys instructed the plaintiff to call the defendant to seek to arrange his appearance to testify. The plaintiff then called the defendant, who informed him that he had already talked with his attorney in regard to his appearance for trial and that his attorney would meet him the next day at the New Haven airport. The defendant did not appear in court the next day, and his counsel refused the request of the plaintiff's counsel that he produce him. The plaintiff thereupon moved for a mistrial by reason of the absence of the defendant as a witness.

Several circumstances are of particular significance in connection with the court's denial of this motion. The plaintiff had not subpoenaed the de-

fendant to testify nor made any attempt to arrange for the taking of his deposition. No explanation for this failure was offered aside from a claim that the long friendship and relationship which existed between the parties led the plaintiff to assume that the defendant would appear to testify. The plaintiff did not move for any postponement or continuance of the case to permit him belatedly to procure the testimony of the defendant. Section 156 of the Practice Book specifically provides that, whenever a postponement or continuance is sought on account of the absence of a material witness and the adverse party requires it, such a motion shall be supported by an affidavit reciting "the particular facts which, it is believed, may be proved by him, with the grounds of such belief." The court may refuse to continue the cause if the adverse party will admit that the absent witness would, if present, testify to the facts stated in the affidavit. See *Allen* v. *Chase,* 81 Conn. 474, 478, 71 A. 367. Here the court was given no inkling as to the evidence which the plaintiff hoped to elicit from the defendant if he was presented as a witness. See *Hlavati* v. *Board of Adjustment,* 142 Conn. 659, 668, 116 A.2d 504; *Burley* v. *Davis,* 132 Conn. 631, 637, 46 A.2d 417. This fact is of particular importance since, as we have noted, the court directed a verdict for the defendant not only on the ground that there was no evidence that the defendant had any knowledge of a defect in his residence but also on the ground that the plaintiff had failed to produce any evidence as to what actually caused him to fall. Although it might be supposed that the plaintiff would hope to elicit from the defendant some admission that his premises were defective and he knew of it, since the defendant was not a witness to the

fall, the court would hardly expect that the plaintiff intended to supply the missing evidence as to the circumstances of the fall through the testimony of the defendant.

"[T]here is no rule which requires parties to a suit to attend court during the trial. If the testimony of a party is desired by the opposite party, attendance at the trial may be secured by the process of the court, or a deposition may be taken as in other cases. . . . As a general proposition, a party to a suit must secure the attendance of his witnesses at the trial, as well when they are opposite parties . . . as when they are not." *Bauer* v. *Bauer,* 177 Mich. 169, 172, 142 N.W. 1074; see *Aircraft Radio Industries, Inc.* v. *M. V. Palmer, Inc.,* 45 Wash. 2d 737, 743, 277 P.2d 737; *Moore* v. *Goelitz,* 27 Ill. 18, 19; 97 C.J.S. 362, Witnesses, § 15. One who fails to acquire testimony by legally available means does so at his peril. *Fritsch* v. *J. M. English Truck Line, Inc.,* 151 Tex. 168, 173, 246 S.W.2d 856.

"The general principle is that a mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial and the whole proceedings are vitiated." *Ferino* v. *Palmer,* 133 Conn. 463, 466, 52 A.2d 433. The granting of such a motion rests largely in the discretion of the trial court. *State* v. *Williamson,* 134 Conn. 203, 204, 56 A.2d 460. In the exercise of that discretion the court may properly consider whether diligence was exercised in the preparation of the case for trial, whether available means were seasonably used to obtain evidence, whether, particularly in such a case as this one, the testimony of an absent witness was unavailable through no fault of the moving party, and finally whether his testimony,

if secured on a continuance or through the means provided by § 156 of the Practice Book, would probably affect the result of the trial. Under all the circumstances of the present case and with no way of knowing from the paucity of the record whether the testimony of the defendant, if offered, would have supported the plaintiff's claim and supplied the missing evidence not only as to the existence of a defect known to him but as to what caused the plaintiff to fall, we cannot say that the court abused its discretion in denying the motion for a mistrial. The exercise of no other power of the court was invoked.

There is no error.

In this opinion ALCORN, THIM and COVELLO, Js., concurred; COTTER, J., concurred in the result.