JOSEPH E. IZZO ET AL. *v.* WILLIAM CROWLEY

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued January 7—decided February 26, 1969

*Charles G. Albom,* with whom was *Arthur C. Schubert,* for the appellant (defendant).

*Howard F. Zoarski,* for the appellees (plaintiffs).

RYAN, J. This is a negligence action in which the plaintiff Joseph E. Izzo, hereinafter referred to as the plaintiff, seeks to recover damages for personal injuries, and his father, the plaintiff Anthony A. Izzo, seeks to recover for property damage to his automobile arising out of a collision with the car of the defendant on Alps Road in the town of Branford. Alps Road is a public street running generally north and south.

The defendant assigns error in the ruling by the trial court denying a motion for a mistrial by the defendant made after the jury had been selected, at which time the defendant advised the court that a witness would not be available to testify because he was ill. On the afternoon of January 23, 1968, the jury panel was selected and sworn. Defense counsel in his statement to the panel informed the jury that there was a witness whom he expected to call, Eugene Clark of East Haven, in order that the members of the panel might make it known if any of them was acquainted with the prospective witness. After a jury of twelve were selected and the oath administered to them, the court adjourned until January 24, 1968, at 10 a.m. Upon resumption of the trial the next morning, counsel for the defendant moved for a mistrial in view of the fact that Clark, one of the witnesses whom he expected to call and whose name had been mentioned to the jury, became ill with influenza the previous afternoon. He informed the court that he believed that the testimony of this witness was critical in the case and that counsel had been advised that the witness was at home with a temperature of 103 degrees and was to have a doctor that morning. He further told the court that he did not believe that the witness would be available to testify that day or the next day, that the witness had been under subpoena since the early part of December and that as of the previous morning the witness was available to testify.

The trial court denied the motion for mistrial on the grounds that the accident occurred in 1961; that the defendant was well aware that the case was planned for trial; and that it was the responsibility of the defendant to determine the availability of his witness and to inform the court of the situation be-

fore the selection of the jury began. The defendant duly excepted to the court's ruling.

The trial court found the following facts concerning the ruling in question: The plaintiff Joseph E. Izzo was the only eyewitness to the accident whose testimony was offered by the plaintiffs, and their proof was based primarily on his testimony as follows: He was attempting to drive his father's car from the private driveway of a gasoline station located on the west side of Alps Road to go south on Alps Road. Alps Road is wide enough to accommodate two cars going in opposite directions. At the time in question weather conditions were icy and snowy, and the surface of Alps Road was covered with ice and snow. As the plaintiff attempted to leave the driveway, he saw the defendant approaching from his right at a speed of twenty miles an hour, whereupon the plaintiff tried to stop his vehicle. At this time, the plaintiff's car skidded into the road facing in a southwesterly direction and collided with the defendant's car which was skidding and which had skidded over to the plaintiff's side of the road. A portion of the defendant's car was to the west of the imaginary center line of the road at the time of impact. There was a passenger in the plaintiff's car, Eugene Clark of East Haven, whom the plaintiff had attempted to get to come to court the previous day by calling him on the telephone. Clark had informed the plaintiff that he could not get out of bed because he had influenza.

During the presentation of the defendant's case, the defendant offered in evidence a written statement signed by Eugene Clark which was excluded by the trial court on objection by the plaintiff. The statement was obviously hearsay, and the court's ruling was correct.

Thereafter, the defendant testified that he did not skid prior to the impact but that the plaintiff's car came out of the driveway suddenly on an angle facing southwesterly and that the defendant was on his own right side of the road when the impact occurred; that he was operating his car with chains on his rear wheels; that the road was fifteen feet wide and very narrow; and that he was traveling at a speed of fifteen miles per hour. The jury returned a verdict for the plaintiffs, and the defendant filed a motion to set aside the verdict. In the course of the argument on the motion, a written statement signed by Eugene Clark dated April 20, 1961, pertaining to the accident was marked as an exhibit for identification. The statement purportedly signed by Clark related that the snow was piled high on either side of Alps Road; that Alps Road was slippery; that the plaintiff intended to leave the gasoline station premises and go in a southerly direction; that Alps Road, because of the snow accumulation, had room for only one car to pass; that the plaintiff applied his brakes to let the defendant's car proceed because the defendant's car had the right of way; that as the plaintiff applied the brakes his car seemed to pick up speed and slid into the defendant's car; that the defendant could have done absolutely nothing to avoid the accident; and that the accident was due to road conditions.

In his brief, the defendant urges that, although his motion was for a mistrial, it was, in essence, a motion for postponement or continuance of trial in accordance with Practice Book § 156. The defendant did not move for a continuance or postponement of the trial. In fact he stated that because of illness the witness would not be available either on that day or the next trial day. "Section 156 of the

Practice Book specifically provides that, whenever a postponement or continuance is sought on account of the absence of a material witness and the adverse party requires it, such a motion shall be supported by an affidavit reciting 'the particular facts which, it is believed, may be proved by him, with the grounds of such belief.' The court may refuse to continue the cause if the adverse party will admit that the absent witness would, if present, testify to the facts stated in the affidavit. See *Allen* v. *Chase,* 81 Conn. 474, 478, 71 A. 367." *Teitelman* v. *Bloomstein,* 155 Conn. 653, 661, 236 A.2d 900. The trial court had no way of knowing what the testimony of the absent witness was expected to consist of, and the defendant made no attempt to inform the court. The defendant should have stated enough of the proposed testimony to show what it would have tended to prove. See *Hlavati* v. *Board of Adjustment,* 142 Conn. 659, 668, 116 A.2d 504.

" 'The general principle is that a mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial and the whole proceedings are vitiated.' *Ferino* v. *Palmer,* 133 Conn. 463, 466, 52 A.2d 433. The granting of such a motion rests largely in the discretion of the trial court. *State* v. *Williamson,* 134 Conn. 203, 204, 56 A.2d 460. In the exercise of that discretion the court may properly consider whether diligence was exercised in the preparation of the case for trial, whether available means were seasonably used to obtain evidence, whether . . . the testimony of an absent witness was unavailable through no fault of the moving party, and finally whether his testimony, if secured on a continuance or through the means provided by § 156 of the Prac-

tice Book, would probably affect the result of the trial." *Teitelman* v. *Bloomstein,* supra, 662. In the instant case, the defendant had in his possession at the time of the trial a written statement purportedly made by Clark and signed by him which was not presented to the trial court when the motion for mistrial was made. During argument on the defendant's motion to set aside the verdict, the statement was then offered to the trial court and at the direction of the court was marked as an exhibit for identification. It seems obvious that this offer was much too late to inform the trial court for the first time of the materiality of the expected testimony. Under the circumstances as they were presented to the trial court, it cannot be said that the trial court abused its discretion in denying the defendant's motion for a mistrial.

There is no error.

In this opinion the other judges concurred.