## STATE OF CONNECTICUT *v.* COOKE BAUSMAN III

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued October 5, 1971—decided February 1, 1972

*Howard T. Owens, Jr.,* for the appellant (defendant).

*Arlen D. Nickowitz,* assistant state's attorney, with whom, on the brief, was *Joseph T. Gormley, Jr.,* state's attorney, for the appellee (state).

RYAN, J. The defendant, in a trial to the jury, was convicted of having narcotic drugs under his control in violation of §§ 8 and 37 (a) of Public Act No. 555 of 1967, now §§ 19-452 and 19-481 (a) of the General Statutes (Rev. to 1968). The defendant's motion to set aside the verdict was denied by the trial court and from the judgment rendered thereon the defendant has appealed to this court.

The defendant assigns error in several rulings made by the trial court. In order to pass on these rulings a brief resume of the evidence presented by the state and by the defendant is necessary. On May 15, 1968, Thomas P. Rowan, a detective in the Stamford police department, accompanied by Detectives Edward McNulty and Albert Morris, went to a house located at 41 Long Hill Road in Stamford with a search warrant authorizing them to search the premises for narcotics. After the defendant Cooke Bausman III was advised of the search warrant he admitted Detective Rowan into the house. On the first floor there were a living room, a dining room, a kitchen, two bedrooms, a utility room, a bathroom and a porch. On the second floor there were three bedrooms, a utility room and a bathroom. Detective Morris went to the back door and was admitted to the premises by another detective. On a dresser, behind the mirror in one of the first-floor bedrooms, he found a plastic bag containing, inter alia, a substance identified as marijuana by Abraham Stolman, the chief toxicologist of the state department of health. In the same bedroom the detective found letters addressed to the defendant Bausman, receipts with Bausman's name on them and clothing. The defendant testified that he had lived in the first-floor bedroom and was in the process of changing to an upstairs room and that he

had his personal effects in almost every room; that he and Walter J. Lewis paid the rent for the house and were the primary occupants, but that his brother, friends of his from college and other people whom he did not know were found by the defendant sleeping in his bedroom. He claimed that he had no knowledge that any marijuana was in the house.

Four of the seven assignments of error pursued by the defendant concerned the denial by the trial court of the defendant's motions for mistrial predicated on rulings by the trial court which the defendant claimed were prejudicial to him. In the first of these, Stolman, the state toxicologist, was testifying on direct examination concerning the contents of the plastic bag which was found in the bedroom and was brought to him for examination. He said that there were a tablespoon and a blue-coated tablet in the bag. According to his later testimony, this bag also contained marijuana. The defendant asked that the jury be excused and then moved for a mistrial on the ground that he was charged with having control of marijuana and since he was not charged with anything concerning a blue-coated tablet, the testimony was prejudicial to him; that an instruction to the jury to disregard the testimony about the tablet would not eliminate the problem, but would serve only to aggravate it. He requested that the court refrain from so instructing the jury. The trial court denied the motion for a mistrial. Thereafter, still in the absence of the jury, the court instructed the state's attorney to limit his interrogation of the witness to the determination of whether marijuana was present in the plastic bag. The defendant took no exception to the court's ruling.

In the second incident the defendant, on cross-

examination by the state's attorney, was asked if he ever smoked marijuana. The defendant objected to the question, the objection was immediately sustained by the court and the jury were instructed to disregard the question and it remained unanswered. This occurred after the defendant had testified on direct examination that he was not aware that there was any marijuana in the house. The defendant moved for a mistrial on the ground that the mere asking of the question was prejudicial to the defendant. The court denied the motion. In another incident a detective, during direct examination by the state, on being asked to describe the interior of the house, replied that it was a "hippy type style of house in my opinion." On motion of the defendant the answer was stricken and the jury were instructed to disregard the answer. The defendant assigns error in the failure of the trial court to order a mistrial because of the detective's answer, although no such motion was made at the trial. In the final incident a detective testified on cross-examination that he found on the dresser in the bedroom certain letters and envelopes with the defendant's name on them, but that he did not have them with him in the courtroom. He was asked if there was any reason why he did not take any of the letters from the house and answered that the search warrant listed only stolen goods or narcotics. The defendant then moved that the answer be stricken. The court instructed the jury to disregard the answer but permitted the officer to testify in response to another question that the reason he did not take the letters from the house was because such items were not named in the warrant and to do so would have been exceeding the authority of the warrant. The defendant took no exception to the ruling but after a recess he moved

for a mistrial on the ground that the officer's reference to stolen goods in the warrant was prejudicial.

The general principle is that a mistrial should be granted only as a result of some occurrence on the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial. *Izzo* v. *Crowley,* 157 Conn. 561, 565, 254 A.2d 904; *Ferino* v. *Palmer,* 133 Conn. 463, 466, 52 A.2d 433. The trial judge is the arbiter of the many circumstances which may arise during the trial in which his function is to assure a fair and just outcome. *State* v. *Marquez,* 160 Conn. 47, 52, 273 A.2d 689. There is no merit to any of the four motions for mistrial. The trial court exercised every precaution to protect the defendant's rights and its ruling in each instance was well within the wide range of discretion vested in the trial judge. *State* v. *Savage,* 161 Conn. 445, 290 A.2d 221; *Teitelman* v. *Bloomstein,* 155 Conn. 653, 662, 236 A.2d 900; *State* v. *Williamson,* 134 Conn. 203, 204, 56 A.2d 460.

The defendant assigns error in the trial court's failure to strike testimony which was previously ruled inadmissible. On direct examination, the state's attorney asked Detective Morris whether he had any conversations with the defendant. He replied affirmatively and the state's attorney then requested him to relate the conversation. Counsel for the defendant objected and the jury were excused. In the absence of the jury the defendant claimed that he spoke without benefit of the necessary *Miranda* warning, and the court excluded any testimony relating to these conversations. *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694. After the jury returned to the courtroom, counsel for the state asked the officer if he was able to determine in whose room the marijuana was found

and how he was able to make that determination. The witness answered: "I had been told by Mr. Bausman." The witness did not say what the defendant told him. The defendant promptly objected and moved that the answer be stricken. The court sustained the objection, but did not respond to the motion to strike. "The exclusion of the question, under our rule, was effective even though the answer had been given before the question had been completed or there had been opportunity for an objection. *Hackenson* v. *Waterbury,* 124 Conn. 679, 684, 2 A.2d 215. If there was uncertainty as to whether the jury would understand that the answer, although it had come in, had been excluded by the rulings sustaining the objection to the question, the court, of its own motion, could have stricken the answer and explained to the jury the effect of the ruling, or the objecting party could have requested such action on the part of the court. Ibid. Neither course was followed, and, under the circumstances, no material error has been shown." *Kowalewski* v. *Mutual Loan Co.,* 159 Conn. 76, 78, 266 A.2d 379. "Although the trial judge must be solicitous to protect the rights of the accused, the defense is not relieved of its obligation to inform the court in timely fashion of its claims during the course of the trial." *State* v. *Smith,* 156 Conn. 378, 386, 242 A.2d 763. The defendant took no exception to the ruling. Certainly, if he wanted the court to rule on his motion to strike he should have called it to the court's attention. Furthermore, the court gave the following instruction to the jury in its charge: "Another matter the court would like to state is that in this case there were objections, rulings, exceptions and you were ordered by the court to disregard certain evidence. You are only to consider the evidence that was admitted. And if some

evidence was given that was stricken, or some evidence was offered and refused, or you were instructed to disregard certain evidence you must not consider, you must erase it from your minds." It is essential to any orderly trial that the jury be presumed, in the absence of a fair indication to the contrary, to have followed the instructions of the court as to the law. *State* v. *Smith,* supra, 383. There is nothing to indicate that the jury failed to follow the instructions of the court, and the defendant's claim of prejudice finds no support in the record. There was no error in the ruling of the trial court. We note in the appendices of the state and of the defendant that the defendant took the stand in the presence of the jury and, under direct examination, testified that he had lived in the room in question on the first floor and was in the process of moving to a second-floor room at the time. Even if the ruling of the court had been erroneous, any claimed error was thereby rendered harmless. *State* v. *Grimes,* 154 Conn. 314, 323, 228 A.2d 141; *Guerrieri* v. *Merrick,* 145 Conn. 432, 434, 143 A.2d 644; *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 21, 118 A.2d 798.

The defendant also assigns error in a ruling by the trial court made in the absence of the jury while the court was considering the suppression of certain oral statements made by the defendant to police officers concerning occupancy by the defendant of the bedroom where the marijuana was found. On cross-examination the state's attorney asked the defendant if he occupied the room in question. The defendant answered affirmatively, that he did occupy it. Counsel for the defendant objected on the ground that the question was not within the scope of the direct examination and should be excluded. The

trial court overruled the objection on the ground that the subject matter had been introduced in the defendant's direct examination. The ruling of the court was correct. There is no indication in the record that the defendant's answer was brought to the attention of the jury. Hence no possible prejudice to the defendant has been demonstrated.

The defendant assigns error in the ruling of the trial court permitting the state to inquire on cross-examination of the defendant whether Dominic Annetta, a research chemist, had some of his possessions in the house. The defendant said that Annetta had several things there and at some time used the utility room for storage of them. The defendant was then asked if he knew whether Annetta ever worked with the chemicals that were in a certain bag presumably in the house. Bausman answered "No," but his counsel objected on the ground that the matter was irrelevant. The state claimed the question for the purpose of testing the credibility of the witness, and the court overruled the objection. The cross-examination was proper and, in any event, any effect of the ruling on the defendant was trivial and could not be a subject of reversible error.

The remaining assignments of error as to evidential rulings do not merit discussion. In some of them no objection was made, in others no exception was taken. None of the rulings complained of was prejudicial to the defendant. Unless a substantial injustice is shown, we are not required on appeal to entertain a claim which was not made or passed on by the trial court. *State* v. *Fredericks,* 154 Conn. 68, 72, 221 A.2d 585.

There is no error.

In this opinion the other judges concurred.