[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks damages for personal injuries sustained in a fall at the defendant's store in Orange on August 30, 1995. While the claim is that the plaintiff's fall was caused by loose grains of rice on the floor, the plaintiff admitted that she doesn't know what caused her to fall. She felt nothing under her feet before the fall and was not aware CT Page 1512 of any foreign material in the area of her fall.
The plaintiff's husband came to her assistance at the time and he saw no rice near where she came to rest. After helping her up and leaving her seated on a bench, he returned to the aisle where the fall occurred and saw rice on the floor in an area where rice was displayed. However, this area was into the aisle a distance of three feet. The plaintiff stated she had "not quite turned" into the aisle when she fell.
The plaintiff presented a witness who claimed to have been in the store on the day of the plaintiffs fall. She stated she observed a quantity of rice grains on the floor in the aisle near where the rice is displayed. She reported this fact to an employee of the defendant and said she was in the store between noon and 1:00 p.m. The plaintiff fell around 3:00 p.m.
While this testimony would appear to be significant on the issue of notice to the defendant, it does not address two aspects of the claim: 1. The fact that the fall did not occur where the rice was seen; and, 2. The plaintiff produced no evidence as to the cause of the fall.
Examining the source of this evidence, the court is confronted with some serious questions of credibility. The accident occurred on August 30, 1995. This witness was totally unknown to this case and its participants until she responded to a classified advertisement placed in a local newspaper by the plaintiff on April 9, 2000. In that ad, the plaintiff sought witnesses to the August 30, 1995 episode. This witness stated that upon reading the ad, she recalled being in the store, the date and time, the sight of the spilled rice and reporting it to the defendant's employee.
Her explanation of how she was able to recall such details some four and a half years later is less than convincing. The ad itself gave a description of the fall and injuries, omitting only the hour it occurred. That, coupled with the witness' explanation of her total recall, strongly suggests the actions of this witness was prompted by a desire to help out a "victim," as she perceived the situation.
In brief, the court does not find this evidence credible. However, even if one presumes the total credibility of the testimony, the plaintiff's case is fatally defective.
There is no evidence to support the claim that any spilled rice caused the fall and there is no evidence that the rice observed by the witness was involved in the fall. CT Page 1513
The defendant cites, inter alia, Teitelman v. Bloomstein, 155 Conn. 653
(1967) for the basic proposition that a plaintiff cannot prevail when there is no evidence as to what actually caused the fall and resultant injury. Id., at 657.
Judgment may enter for the defendant.
Anthony V. DeMayo Judge Trial Referee