[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE OBJECTION TO ACCEPTANCE OF FACTFINDER'S REPORT
This action was referred to a factfinder pursuant to General Statutes § 52-549n, et seq. Following the hearing, the factfinder rendered a decision against both the named defendant and the defendant Michael Ostrofsky, but in favor of the other defendant, Dana Reig. The plaintiff has filed a timely objection, pursuant to General Statutes § 52-549s, to that portion of the factfinder's report recommending judgment in favor of Dana Reig.
It is apparent from the arguments of counsel and the transcript of the proceeding before the factfinder that the plaintiff sought to prove its case against Reig by calling him as a witness. Although Reig was in the courthouse, he was not in the courtroom, and he had not been subpoenaed by the plaintiff. The plaintiff sought the factfinder's aid in compelling Reig to testify, and when that failed, it asked the factfinder for a continuance so that Reig could be subpoenaed. The factfinder indicated to the plaintiff that he was not authorized to grant a continuance to permit the issuance of a subpoena, and the plaintiff declined the factfinder's invitation to ask a judge for a continuance to give him time to issue a subpoena.
Without Reig's testimony, the factfinder concluded that the plaintiff had not made out its case against Reig and therefore entered judgment in Reig's favor. The plaintiff does not appear to contest the factfinder's conclusion that without that evidence, the recommendation of judgment in Reig's favor was improper. Rather, it contends that as a party, and especially one who was actually physically present in the courthouse, Reig had an obligation to make himself available to testify. This, however, is not our law.
"[T]here is no rule which requires parties to a suit to attend court during the trial. If the testimony of a party is desired by the opposite party, attendance at the trial may be secured by the process of the CT Page 2769 court, or a deposition may be taken as in other cases . . . as a general proposition, a party to a suit must secure the attendance of his witnesses at the trial as well when they are opposite parties . . . as when they are not . . . One who fails to acquire testimony by legally available means does so at his peril." (Citations omitted.) Teitelman v.Bloomstein, 155 Conn. 653, 662, 236 A.2d 900 (1967).
The objection to the report is overruled, and judgment may enter in accordance with the factfinder's recommendations.
Jonathon E. Silbert, Judge CT Page 2770