HARRIET N. HAMILTON v. JAMES HAMILTON.

*Divorce—Wife's Testimony—Gross Allowance of Alimony.*

Chancery Rule 99, framed under the authority of Comp. L., § 4927, and authorizing the Circuit Court to call upon the parties to a divorce suit to testify in open court, is not suspended by Comp. L. § 5969 which provides that neither husband nor wife shall be examined as a witness for or against the other without the other's consent.

An award of alimony may be made in gross instead of annual allowances. Act 91 of 1877.

An award of alimony in gross, made before the passage of the act authorizing gross awards, was not set aside after the passage of the act, as it could have been immediately entered again.

Where a divorce was decreed for cruelty on evidence that was not very strong, an allowance of alimony amounting to half of the defendant's property, and made payable in money, was held excessive, and one-third considered ample, defendant being also allowed to elect whether he would pay in money or in real estate, freed from encumbrances, in which latter case the land was to be apportioned on reference to a circuit court commissioner, whose costs should be equally divided between the parties.

Appeal from St. Joseph. Submitted October 26. Decided November 1.

DIVORCE. The facts are in the opinion.

*T. C. Carpenter, H. H. Riley* and *Jno. B. Shipman* for complainant and appellee. A bill for divorce for adultery must specify the time and place of the offense, where single acts are relied on, *Herrick v. Herrick,* 31 Mich., 298, though a charge of living in open and notorious adultery with a person named, is enough, *Marble v. Marble,* 36 Mich., 386. Evidence can be given of facts which give character to those specified, *Briggs v. Briggs,* 20 Mich., 34. Where a divorce is sought for cruelty, a general charge of cruel and inhuman treatment and wantonly and cruelly refusing to provide for

complainant, is sufficient, *Brown v. Brown*, 22 Mich., 242; a charge of one or two instances is enough, and the rest may be proved under the general charge, *Reese v. Reese*, 23 Ala., 785, and a general charge of cruelty, inhumanity, violence and blows is sufficient, *Smedley v. Smedley*, 30 Ala., 714; *Hughes v. Hughes*, 19 Ala., 307; *Sanders v. Sanders*, 25 Vt., 713; *Lewis v. Lewis*, 5 Mo., 278; *Breinig v. Breinig*, 23 Penn. St., 161; *Butler v. Butler*, 1 Pars., 329; 2 Bish. Mar. & Div., §§ 606-7, 649, 654. If the defendant requires greater particularity to enable him to defend, he can demur, *Hill v. Hill*, 10 Ala., 527. Extreme cruelty is conduct that endangers life or health and makes cohabitation unsafe, *Perry v. Perry*, 2 Paige, 501; it is not confined to mere physical violence, but must be very serious, entirely subverting the family relations by making the association intolerable, *Cooper v. Cooper*, 17 Mich., 211; it may consist in the habitual use of profane, obscene or insulting language to the wife in the presence of others, making life miserable, *Goodman v. Goodman*, 26 Mich., 417. Each case is governed by its own circumstances and the character, condition, habits and associations of the parties, and upon the question whether the cruelty comes from sudden passion or has been long continued, *Bihin v. Bihin*, 17 Abb., Pr., 19. An allowance of alimony may be made in gross, *Jeter v. Jeter*, 36 Ala., 391; *Smith v. Smith*, 45 Ala., 264; *Chunn v. Chunn*, Meigs, 131; *Payne v. Payne*, 4 Humph., 500; *Chenault v. Chenault*, 5 Sneed, 248; *Parsons v. Parsons*, 9 N. H., 309; *Barker v. Cobb*, 36 N. H., 344; *Sheafe v. Sheafe*, 40 N. H., 516; *Swett v. Swett*, 49 N. H., 264; *Whittier v. Whittier*, 31 N. H., 452; *Buckminster v. Buckminster*, 38 Vt., 248; *Lyon v. Lyon*, 21 Conn., 197; *Prescott v. Prescott*, 59 Me., 146; *Pence v. Pence*, 6 B. Mon., 496; *Hedrick v. Hedrick*, 28 Ind., 291; *Wheeler v. Wheeler*, 18 Ill., 39; *Piatt v. Piatt*, 9 Ohio, 37; *Burrows v. Purple*, 107 Mass., 428; *Williams v. Williams*, 36 Wis., 362; and in Michigan the courts have so allowed it, when they deemed it advisable, *Wright v. Wright*, 24 Mich., 180. The alimony is the wife's absolute property, *Burr v. Burr*, 7 Hill, 213.

*S. C. Coffinbury* and *Arthur Brown* for defendant and appellant. A bill of divorce for cruelty must specify the grounds of the charge, *Green v. Green,* 26 Mich., 437; *Bennett v. Bennett,* 24 Mich., 482; *Shoemaker v. Shoemaker,* 20 Mich., 222. Violence received from a husband in a quarrel in which he suffers as much as the wife is not extreme cruelty justifying a divorce, *Soper v. Soper,* 29 Mich., 305. There is no statutory authority for decreeing alimony by dividing a man's property in gross, *Perkins v. Perkins,* 16 Mich., 162; alimony should be fixed according to the defendant's income, and should be paid as an annual allowance, *Brown v. Brown,* 22 Mich., 245.

COOLEY, C. J. The court below awarded to the complainant a divorce from the bonds of matrimony for the cause of extreme cruelty. Our examination of the record has satisfied us that though the case is not a remarkably strong one, the decree may be supported on the authority of *Briggs v. Briggs,* 20 Mich., 34, provided the testimony of the wife, on which to some extent the proof of cruelty depends, can be regarded as properly taken in the case. It appears from the record that when the wife was called to the stand as a witness by whom to prove the cruelty, her evidence was objected to by the defense, but the circuit judge, remarking that he supposed it was competent for the court to order the parties sworn, overruled the objection, and suffered the oath to be administered to her. No formal order for her examination was made, nor was any action had which indicated more distinctly than the foregoing remark, that the court considered the testimony as being taken under his order.

It seems to be conceded that neither husband nor wife can be a general witness on his or her own behalf in divorce cases without the consent of the other; and indeed the statute would seem to put this beyond controversy, for it expressly provides that neither husband nor wife shall be examined as a witness for or against the other without consent, except in certain specified cases, of which divorce is not one. Comp. L., § 5969. Whether there may not be

some implied exceptions which are not enumerated in this statute, we do not find it necessary in this case to determine. We think, however, and shall so hold, that any authority which had been previously conferred upon the courts, of their own motion and for the furtherance of justice, to put the parties upon the stand as witnesses, in cases where the general law did not permit their being called on their own behalf, was not taken away by this statute. In other words, we think the statute established general rules of competency of which the parties may avail themselves, while it leaves untouched in the court any authority previously conferred to deal in the matter of evidence with special cases.

The statute of 1851 for the organization of the Supreme Court provided that the court "may at any time and in accordance with and for the speedy furtherance of justice in any suit, either at law or in equity, call upon the parties to such suit, or any witness thereto, to testify orally in open court; and said court may by rule provide for a similar practice in the circuit courts." Comp. L., § 4927. Under the authority of this statute the Supreme Court, by chancery rule 99, provided that "In all chancery cases whatever, whether for divorce or otherwise, which are at issue on pleadings and proofs, the court may call upon the parties thereto, or any of them, or any witness thereto, to testify orally in open court." We regard this rule as still in force, undisturbed and unimpaired by the subsequent statute first above referred to; and we are also satisfied from this record that though the circuit judge did not expressly call the complainant to the stand as a witness, yet that he understood he was proceeding under this rule, and was permitting her to be examined under his discretionary authority, and not because he considered her to be a general witness in the case under the statute. And this conclusion disposes of all question touching the competency of her evidence.

The only questions that remain relate to the allowance of alimony. This is objected to, *first*, because it is an allow-

ance in gross, instead of an annual allowance, and *second*, as being grossly excessive. The first ground is based upon a construction of the statute which, while leaving the subject of alimony very much in the discretion of the court, at the same time confers an authority to modify it from time to time as the circumstances shall seem to demand; an authority which it is urged with much reason is inconsistent with the authority to award a sum in gross, since such an award must generally, when once made, be beyond the control of the court, or at least may be put beyond control in anticipation of subsequent judicial interference. But whatever doubts may have existed of the power to make an award in gross previous to the amendment of the statute by the act of May 3, 1877,—Public Acts, 1877, p. 72,—there can be none now, for that statute expressly authorizes it; and though the decree now under review was entered before the passage of that act, the circumstance is not important, since if the decree were unwarranted at the time, and were to be set aside on that ground, the authority would be ample now to enter another like it. We therefore pass from this question to consider the other, namely, whether the allowance was excessive.

The allowance made was the sum of $8,500 payable in cash. The amount of defendant's property as shown by the pleadings was $30,000. There is reason to think, however, that this has been considerably reduced by the expenses of this litigation. The circuit judge took some testimony on the subject which is very imperfectly reported, but as we understand it, the evidence showed the defendant to be then worth $17,000, all in real estate,—the personal estate being in value less than the amount of the debts owing by defendant. If the circuit judge intended to give as alimony one-half defendant's property, making it payable in money, the allowance was not only excessive but ruinous. One-third the amount was an ample provision under the circumstances—say $5,666—and as to this, it would have been reasonable to allow the defendant the option to have set off to complainant one-third his real estate in satisfaction of

the allowance if he should elect so to do. We are therefore disposed now to reduce the allowance to the sum named, and to permit the defendant to elect to pay the amount with one-third of his lands by filing an election so to do within thirty days from this day. In case of such election, a reference should be ordered to a circuit court commissioner to set off to complainant the proportion of lands awarded to her, unless the parties can agree upon an apportionment, and the costs of the commissioner should be borne by the parties equally. The proceedings of the commissioner should be reported to and approved by the circuit court, and any costs in that court should be in the discretion of the court, so that neither party will be tempted to make costs by way of annoyance to the other, and without sufficient grounds for it. The lands set off to complainant should be relieved from encumbrances, if any exist thereon, within some reasonable time to be named by the court below to which the decree will be remitted for execution. In giving to the defendant the permission to make payment in lands, we assume that he still owns those which were held by him when the decree was made. If this proves to be an error, complainant will be at liberty to apply by petition to the court below for such modification of the decree as the change in ownership of lands may seem to require. No costs are awarded. Should the defendant not elect to pay in lands, the allowance shall be payable as follows: $566, in three months from this day, and the balance in two equal annual payments from that date; and the whole allowance, by the recording in the office of the register of deeds of St. Joseph county, shall be made a lien on the defendant's lands.

CAMPBELL and GRAVES, JJ., concurred.

MARSTON, J., did not sit in this case.