## BAUER *v.* BAUER.

1. WITNESSES — PRIVILEGE — EVIDENCE — COMPELLING PARTIES TO TESTIFY—DIVORCE.

No privilege is conferred by statute on either party to a divorce case so as to permit one to decline to take the stand as a witness upon the request of the other. As to many subjects, with the consent of the other party, the husband or wife may be examined and may be compelled to give testimony on competent matters, not excluded by statute. Act No. 307, Pub. Acts 1909; 3 Comp. Laws, § 8652 (4 How. Stat. [2d Ed.] § 11489).

2. DIVORCE—ATTENDANCE OF WITNESSES—EVIDENCE.

In divorce proceedings it is not required that the husband, being a party complainant, attend at the hearing. Without any request for a continuance or any previous effort to secure the testimony of the husband, the defendant was not entitled to a decree in her favor because of complainant's omission to be present; and although she was entitled to compel his attendance as a witness, in the

absence of any effort on her part to do so the court prop-
erly refused to enter an order requiring complainant to
give testimony.

Appeal from Barry; Smith, J. Submitted June 10,
1913. (Docket No. 61.) Decided September 30,
1913.

Bill by Charles Duane Bauer against Charlotte
Bauer for divorce. Defendant filed a cross-bill for a
divorce. From a decree for complainant, defendant
appeals. Affirmed.

*Colgrove & Potter,* for complainant.

*Reuben H. Rossman* and *Thomas Sullivan,* for de-
fendant.

OSTRANDER, J. The bill is filed for a divorce.
There was an answer in the nature of a cross-bill, in
which defendant also asks that the marriage be dis-
solved and for alimony. There was an answer to the
answer. The testimony was taken in open court, and
complainant had a decree, which also settled property
rights.

In this court a legal proposition is advanced which
demands attention. When the cause was heard, com-
plainant did not appear in court, and the inference
—the natural one perhaps—is drawn by defendant
that he was not in the State. During the hearing,
defendant moved the court as follows:

"May it please the court, I want it to appear on the
record that during the trial of this case and up to the
present time that complainant has not been in the
courtroom; that his witnesses that have been ques-
tioned do not seem to know his whereabouts, and we
request an order of the court that he appear in this
court to be examined by defendant's solicitors in re-
gard to the statement put in his mouth by Charles
H. Bauer; also to be examined regarding his nervous-
ness, or the condition of his looks, and the situation

between him and Guy in regard to this dissolution
of the partnership and the assignment testified to by
C. H. Bauer."

Other reasons were assigned. Later counsel for
defendant said:

"We also feel, if we are required to make a defense
in this case, that complainant should be required to
appear in this court and submit to an examination re-
garding the allegations he makes against this woman;
that for him to conceal himself—conceal his where-
abouts and put himself in a position where we can-
not even take his testimony by deposition or make
him a witness in our behalf—is not only a fraud on
the court, but it is an absolute fraud against the de-
fendant in this case. For that reason we think the
court ought to say at this time as to whether or not
he should appear."

The order was refused. In this court, in addition
to the general proposition that a suitor in a court of
equity who does not attend at the trial ought to be
denied relief, it is urged that defendant had the right
to the presence of her husband in court in order that
she might examine him as a witness in her own be-
half, under the provisions of Act No. 307, Public
Acts of 1909 (5 How. Stat. [2d Ed.] § 12865). The
power of the court, under the rules, to compel a party
to testify in such cases (see 1 Comp. Laws, § 211 (4
How. Stat. [2d Ed.] § 11708) ; *Hamilton* v. *Hamil-
ton,* 37 Mich. 603; *Eaton* v. *Knowles,* 61 Mich. 625
[28 N. W. 740] ; *Page* v. *Page,* 51 Mich. 88 [16 N. W.
245]) is not involved.

Complainant defends the action of the court upon
the ground that under 3 Comp. Laws, § 8652 (4
How. Stat. [2d Ed.] § 11489), the parties to a di-
vorce suit may determine—elect—whether they will
testify, that 3 Comp. Laws, § 10213 (5 How. Stat.
[2d Ed.] § 12857), confers no new rights upon either
the husband or wife, nor does it modify or conflict
with section 8652; and that Act No. 307, Public Acts

of 1909, confers no new rights in this respect upon parties to divorce proceedings. In other words, the ruling is defended upon the ground that in divorce cases the husband and wife have the right to elect whether they will be witnesses. There is no such right; the right to refuse, generally, to testify being distinguished from the statute privilege to decline to give testimony of a certain kind. The argument takes no account of the fact that parties to suits, divorce and other, are generally competent witnesses, and may not testify generally in divorce proceedings only because a wise public policy has imposed restrictions. As to some, and indeed as to most, matters, a husband may be examined as a witness for or against his wife with her consent. Here the wife consents, demanding that the husband be produced as a witness. If complainant had been present in court, defendant might have called him as a witness, and, subject to the statute restrictions, he would have been a competent witness, and could, and should, have been compelled to give his testimony.

But there is no rule which requires parties to a suit to attend court during the trial. If the testimony of a party is desired by the opposite party, attendance at the trial may be secured by the process of the court, or a deposition may be taken as in other cases. The probability that a party will attend court during the trial of his own cause may excuse a failure to exercise the diligence in securing his attendance usually required in securing attendance of witnesses. If, owing to inability to procure the attendance of the opposite party, a continuance is asked for, the fact that he is a party may affect the discretion of the court. As a general proposition, a party to a suit must secure the attendance of his witnesses at the trial, as well when they are opposite parties or the agents or servants of opposite parties as when they are not. Appellant did not move for a continuance.

She did not ask the aid of the court to discover the whereabouts of the complainant for the purpose of taking his deposition. As she herself was seeking a divorce, it is doubtful if a continuance was desired. The ruling she did ask for was properly refused.

Upon the merits, we are of opinion that the decree should be, and it therefore is, affirmed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.