John H. VONDELL

v.

J. Albert PURDY et al.

Supreme Judicial Court of Maine.

June 9, 1976.

Silsby, Silsby & Walker, by Philip R. Foster, Ellsworth, for plaintiff.

Alan D. Graves, Machias, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK and DELAHANTY, JJ.

WERNICK, Justice.

On August 3, 1971 plaintiff John H. Vondell instituted a civil action in the Superior Court (Washington County) claiming damages for an alleged breach of contract by defendants. J. Albert Purdy, William R. Bustin, Acadian Telecommunications Company, Ltd., and St. Croix Cable T. V. Inc. The First National Bank of Bar Harbor was served with trustee process.

The case had been pending more than two years when, in November of 1973, a Justice of the Superior Court ordered that the case be tried, or dismissed, at the February Term 1974.

In late January or early February, 1974, the attorney for plaintiff withdrew from the case. To afford the new attorney for plaintiff opportunity to prepare for trial, the case was continued to the June, 1974 Term.

After a pre-trial conference on July 12, 1974, the case was set for trial on August 14, 1974.

There was no trial, however, at that time because plaintiff sought to call as a witness, pursuant to Rule 43(b) M.R.C.P. (as it was then in effect), one of the adverse parties, the defendant Bustin, who, it was found, was absent. The presiding Justice continued the case to September 27, 1974 so that plaintiff would have opportunity to take appropriate legal steps to have Bustin physically present at the trial.

On September 27th, trial commenced. Pursuant to Rule 43(b) M.R.C.P., plaintiff purported to call the defendant Bustin as his first witness. Defendant Bustin was absent. Plaintiff had not subpoenaed defendant Bustin as a witness. He had, however, on September 16, written to counsel for the defendants as follows:

In reference to our hearing . . . scheduled for September 27th . . . it is the Plaintiff's intention to call as witnesses Mr. Bustin and Mr. Purdy. [O]n proper assurance from you we will be prepared to go ahead with the matter, and if you will not give those assurances, we would request a default judgment.

Counsel for defendants immediately replied:

"As you were told at the last hearing on this case by . . . [the Justice then presiding], it is your responsibility to subpoena witnesses and not the Defendant's. . . . I understand Mr. Bustin and Mr. Purdy are to be at the hearing, but I certainly cannot guarantee this; and if you wish to assure yourself, then you should take the proper steps.

. . . We cannot continue to be put to the expense of hearing after hearing which does not materialize."

Upon discovering, on September 27, that defendant Bustin was not physically present to be called as a witness, counsel for plaintiff moved for a judgment of default. The Court denied the motion. Counsel for plaintiff then moved for a continuance

"pending the presentation of Mr. Bustin before this tribunal."

In support of the motion counsel for plaintiff represented to the Court:

"Mr. Bustin is an alien. I have no way of assuring his presence here other than the case against him now . . . service of process having been made on him in the States, . . . I think it is incumbent upon the Defendant's attorney to produce him at trial . . . .."

The presiding Justice denied the motion for continuance and ordered the trial to proceed. Counsel for plaintiff represented to the Court that with defendant Bustin absent, he could not go forward with his case.

The presiding Justice thereupon granted a motion filed by defendants that the action be dismissed, with prejudice, for lack of prosecution. Plaintiff has appealed from the judgment dismissing the case with prejudice.

We deny the appeal.

■ That a person is a party to a civil action in itself imposes no legal obligation upon such person to be present at the trial; hence, if the opposite party wants to assure a party's availability to be called as a witness, the processes appropriate to compel the attendance of any witness must be utilized. *Teitelman v. Bloomstein*, 155 Conn. 653, 236 A.2d 900, 905 (1967); *Aircraft Radio Industries, Inc. v. Palmer, Inc.*, 45 Wash.2d 737, 277 P.2d 737 (1954); *Bauer*

*v. Bauer,* 177 Mich. 169, 142 N.W. 1074 (1913).

■ Plaintiff contends, however, that Rule 43(b) alters this general principle. Plaintiff argues that its effect is to establish a separate and independent Court process by which, through the mere giving of notice of intention to invoke Rule 43(b), the attendance of an adverse party to be a witness is compelled. Plaintiff misconceives the function of Rule 43(b). It delineates the kind of interrogation to which a party whom an adverse party has chosen to call as a witness may be subjected; it does not purport to establish an independent process, operating in lieu of a subpoena, by which a party may be compelled by an adverse party to be physically present at trial to be called as a witness.

■ Since plaintiff had not placed himself in position to assert a *legal right* to the presence at trial of defendant Bustin, the instant issue becomes whether in all the circumstances the rulings of the presiding Justice were an abuse of discretion.

There was no abuse of discretion.

The record makes plain that when (on August 14, 1974) the case was continued to be tried on September 27, 1974, the primary reason for the continuance was that plaintiff was unable to call defendant Bustin as a witness under Rule 43(b) because Bustin was absent. The Justice then presiding believed that plaintiff should have opportunity to resort to appropriate process to compel Bustin's attendance, and he granted plaintiff a continuance to September 27th notwithstanding that (1) the opposing parties had been at pains and expense to be ready for trial on August 14, and (2) plaintiff had previously been granted at least two continuances as to each of which the Court had expressly stated that the continuance was intended to be "final" in the sense that either trial was to be held on the date assigned or the case dismissed.

In thus allowing plaintiff one additional continuance, the presiding Justice took the precaution of making plain to plaintiff's attorney that he disagreed with the contention that Bustin's status as a party defendant was by itself sufficient, upon notice by plaintiff of intention to call Bustin as a witness under Rule 43(b) M.R.C.P., to subject Bustin to legal obligation to be physically present at the trial. The presiding Justice warned plaintiff to make use of the processes appropriate to compel the attendance of any witness.

Yet, during the period from August 14th to September 27th, plaintiff made no effort to prepare himself for trial through efforts to utilize the conventional legal processes to compel the attendance of Bustin as a witness. Instead, plaintiff chose to act on the basis of his previously asserted, and judicially doubted, legal position. Plaintiff confined himself to sending written notice to Bustin's attorney that Bustin should be present at the trial to be available to be called by plaintiff as a witness under Rule 43(b).

When trial commenced on September 27th, plaintiff saw fit to act solely on the basis of this same legal position, and he again urged it. The Court then made a definitive ruling rejecting it, and plaintiff, by refusing to prosecute the case further, in effect elected to stand on his position as being legally correct. The Court saw fit to take plaintiff on his own terms, thereby subjecting plaintiff to precisely the risk that plaintiff had chosen to assume: —the risk of establishing on appeal that plaintiff had the legal right to refuse to try his case so long as Bustin, the adverse party, remained physically absent from the trial.

In this regard, plaintiff can gain nothing, on the basis of the present record, from the fact that defendant Bustin is an alien.

After February 1974 plaintiff had been given two specific assignment dates for trial: —the first, August 14th and the sec-

ond, September 27th. Yet, plaintiff made no showing of record that after February 1974, he had exercised due diligence to ascertain whether or not defendant Bustin would be in Maine at any time to be served by a subpoena to appear as a witness on the specific date assigned for trial or whether, because of other information, it would have been futile for plaintiff to have undertaken to attempt to serve Bustin with a subpoena.

In addition, plaintiff made no showing of record either establishing that it was essential to the proof of his case that defendant Bustin testify in person at the trial or explaining why he had not attempted, pursuant to Rule 28(b) M.R.C.P., to have Bustin's testimony available in the form of a deposition. Rather, throughout the proceeding plaintiff chose to stake his all on being correct in his legal contention that if, as a party defendant who had been notified that plaintiff intended to call him as a witness under Rule 43(b), Bustin saw fit to remain absent from the trial, plaintiff had legal excuse to refuse to proceed with trial and was entitled either to a default judgment or a continuance until Bustin made himself available.

With the case in this posture the presiding Justice plainly exercised proper discretion in choosing to meet plaintiff on his own ground by: (1) ruling that plaintiff's legal position was in error; (2) requiring plaintiff to proceed with trial; (3) dismissing the case, with prejudice, for lack of prosecution when plaintiff refused to go forward with the presentation of the case; and (4) leaving plaintiff to face the risk which plaintiff had himself squarely assumed, that plaintiff could vindicate his legal position on appeal.

Now, this Court concludes that plaintiff has failed, on appeal, to vindicate his legal position. Accordingly, the decision must be that there was no error in the rulings of the presiding Justice.

The entry is:

*Appeal denied.*

WEATHERBEE, J., sat at argument and participated in consultation, but died before the opinion was adopted.

ARCHIBALD, J., did not sit.

All Justices concurring.