Donna M. PAGLIARINI

v.

DOYLE'S SERVICE, INC.

v.

Charles H. O'CONNELL, Finance Director of the City of East Providence.

No. 81–289–Appeal.

Supreme Court of Rhode Island.

Jan. 11, 1984.

Michael Kiselica, Cranston, for plaintiff.

Gilbert Rocha, Jr., City Sol., for City of East Providence.

Joseph B. Carty, Jr., Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment of the Superior Court dismissing the plaintiff's complaint for tortious seizure of her automobile solely by reason of her failure to be present at the trial. We reverse. The facts that were largely developed by stipulation at trial may be stated in pertinent part as follows.

On February 5, 1977, plaintiff's automobile was parked on Village Green North, a public highway in the city of East Providence. During the night snow fell, and at sometime prior to 11:15 p.m., plaintiff's car was ticketed for illegal parking. At approximately 11:15 p.m., the automobile was towed away by a representative of defendant Doyle's Service, Inc. (Doyle), who was acting at the request of the East Providence police. It was further stipulated that defendant was acting as an agent of the city of East Providence in towing the vehicle. The parties also stipulated that certain portions of the charter of the city of East Providence and article X of the East Providence city ordinances, entitled "Snow Emergency Regulations," be admitted as exhibits. The action was originally brought as a class action, but by stipulation this portion of the complaint was stricken. In addition to the foregoing stipulations, plaintiff by counsel introduced a receipt for $20

paid to Doyle in consideration for releasing her automobile; Doyle's answers to plaintiff's interrogatories were also introduced.

At the conclusion of plaintiff's presentation of her case, Doyle moved to dismiss the complaint for lack of sufficient evidence. This motion was denied. Thereafter, the third-party defendant moved that the case be dismissed because plaintiff was not present and available for cross-examination. Doyle joined in this motion. The trial justice granted the motion of Doyle and the third-party defendant to dismiss on the grounds that plaintiff was not present and that no live witnesses were available for examination. In granting the motion of the third-party defendant to dismiss, the court also relied upon the lack of any witness being present on behalf of defendant Doyle.

■ The Rules of Civil Procedure of the Superior Court do not create any obligation on the part of a party to a civil case to be present at the time of trial, save the risk of nonpersuasion in the event that testimony that might have been presented by such party is not added to the quantum of evidence offered. The Supreme Court of Connecticut in *Teitelman v. Bloomstein,* 155 Conn. 653, 662, 236 A.2d 900, 905 (1967), expressed the general rule as follows:

" '[T]here is no rule which requires parties to a suit to attend court during the trial. If the testimony of a party is desired by the opposite party, attendance at the trial may be secured by the process of the court, or a deposition may be taken as in other cases. * * * As a general proposition, a party to a suit must secure the attendance of his witnesses at the trial, as well when they are opposite parties * * * as when they are not.' *Bauer v. Bauer,* 177 Mich. 169, 172, 142 N.W. 1074; see *Aircraft Radio Industries, Inc. v. M.V. Palmer, Inc.,* 45 Wash.2d 737, 743, 277 P.2d 737; *Moore v. Goelitz,* 27 Ill. 18, 19, 97 C.J.S. 362, Witnesses § 15. One who fails to acquire testimony by legally available means does so at his peril.

*Fritsch v. J.M. English Truck Line, Inc.,* 151 Tex. 168, 173, 246 S.W.2d 856.''

Moreover, the Supreme Judicial Court of Maine in *Vondell v. Purdy,* 358 A.2d 534 (Me.1976), enunciated the principle that a person who is a party to a civil action has no legal obligation to be present at the trial under rules of civil procedure similar to those of our Superior Court. *Id.* at 536. The Maine court pointed out that Rule 43(b), which authorizes the calling of an adverse party, does not alter this general principle. The court explained that Rule 43(b) of the Maine Rules of Civil Procedure (which is substantially identical to the parallel Rhode Island rule) "delineates the kind of interrogation to which a party whom an adverse party has chosen to call as a witness may be subjected; it does not purport to establish an independent process, operating in lieu of a subpoena, by which a party may be compelled by an adverse party to be physically present at trial to be called as a witness." *Id.* at 537.

■ We realize that in both the *Teitelman* and the *Vondell* cases the party who was sought to be examined was the defendant, not the plaintiff as in the case at bar. We see no reason to vary the general rule enunciated so as to require the presence of a plaintiff at trial. Indeed, the case at bar may be even stronger than the cases cited, in light of the fact that the parties stipulated to facts or agreed to the introduction of exhibits which, considered together, caused the trial justice to deny a motion to dismiss on the ground of insufficient evidence. In any event, we are of the opinion that the general rule enunciated in the cases cited is a sound rule and should be applicable to any party to a civil case. In the event that the opposing party desires to examine either the plaintiff or the defendant, (or other party to the action), such party may subpoena that person pursuant to the provisions of Super.R.Civ.P. 45 or take a deposition as provided by Rule 30 and utilize such deposition at trial in accordance with Rule 26(d)(2).

For the reasons stated, the appeal of the plaintiff is sustained, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.