2006 ME 57

**Charlotte OWEN**

v.

**Sean HEALY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 6, 2006.

Decided: May 12, 2006.

Matthew S. Goldfarb, Portland, for the plaintiff.

Zachary I. Greenfield, Monaghan Leahy, Portland, for the defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, LEVY, and SILVER, JJ.

ALEXANDER, J.

[¶ 1] Sean Healy appeals from a default judgment entered against him in the District Court (Portland, *Eggert, J.*) for $7684.78, plus interest and costs. This sum represents the damage done to Charlotte Owen's car from a collision involving her and Healy's motor vehicles. Healy argues that the court erred when it (1) declared a default due to Healy's personal absence at trial, and (2) denied his motion for judgment as a matter of law. While the trial court properly denied Healy's motion for judgment as a matter of law, we agree that the trial court improperly declared a default. Accordingly, we vacate the judgment.

## I. CASE HISTORY

[¶ 2] This case arises from an automobile accident involving Owen and Healy's motor vehicles that occurred at the intersections of Routes 1 and 88 in Falmouth in 2001. Owen, traveling along Route 1, collided with Healy's car, which approached the intersection on Route 88. Owen testified that before the collision of the vehicles she was traveling at or below the speed limit in a cautious manner. She remembered that it was a sunny day and that there were high snow banks on the side of the road due to a recent snowstorm. She also testified that a stop sign faces the driver on Route 88 at this intersection. Owen sustained injuries during the accident that caused her to be taken away from the scene by ambulance. Her Ford Taurus also sustained damage.

[¶ 3] Owen's insurer, Liberty Mutual Insurance Company, commenced a subrogation action in her name against Healy for the value of the damages to her vehicle.

Among other facts, the complaint alleged that "The collision was the result of the negligence of the Defendant, who was operating his vehicle." In his answer, Healy admitted his vehicle was involved in the accident but denied liability.

[¶ 4] The District Court scheduled the case for trial following discovery. At no time did Owen attempt to subpoena or otherwise seek Healy's attendance at trial.

[¶ 5] Healy was not personally present at trial, although his counsel was present. Upon learning of this, the court stated that Healy was in default. Healy's counsel argued that Healy appeared through counsel and, not having been subpoenaed, had no obligation to personally attend. At Owen's request, Owen put on an abbreviated case consisting of her testimony and that of a senior claims appraiser with Liberty. Regarding the facts of the accident, Owen testified that while she was driving on Route 1 "he was coming out at the intersection at Route 88." She did not testify as to the cause of the impact. She could only testify to being "thrown to the left" and then the EMT's being present. Healy's counsel elected not to cross-examine Owen. The appraiser testified regarding damages only. Healy's counsel moved for judgment as a matter of law when Owen rested her case. The court denied the motion.

[¶ 6] A judgment was entered which stated that "[b]ecause of the failure of the Defendant to appear, a Default of the Defendant was declared and the allegations of the complaint are taken to be admitted." Owen was awarded damages of $7684.78, plus interest and costs. Healy then brought this appeal.

## II. LEGAL ANALYSIS

A. Default Judgment

■ [¶ 7] The District Court cited *Sheepscot Land Corp. v. Gregory*, 383 A.2d 16 (Me.1978), for the proposition that it was appropriate to default Healy when Healy failed to personally appear at trial. In *Sheepscot*, a corporation sued to partition property formerly owned by the ex-wife of the corporation's sole shareholder. *Id.* at 18–19. The ex-wife counterclaimed for fraudulent conveyance. *Id.* at 19. On December 17, 1973, the plaintiff corporation dismissed its counsel. *Id.* at 20. On December 27, 1973, the date of the scheduled hearing, the plaintiff corporation's dismissed attorneys were present in court, as was the defendant, with her attorneys and witnesses. *Id.* The president of the plaintiff corporation was not in attendance. *Id.* In addition to granting the plaintiff's counsel leave to withdraw, the presiding justice ordered that the plaintiff corporation be defaulted. *Id.* We affirmed the Superior Court's denial of the plaintiff corporation's motion to vacate the default judgment stating:

> [T]he term "default" has a broader application than to encompass solely the situation where a party fails to plead by answer, reply to a counterclaim or other permissible pleading under the rules. In its broad sense, it takes in the failure, notwithstanding the answer, of a party to further assert his rights by non-appearance for trial.

*Id.* at 22.

■ [¶ 8] *Sheepscot* does not support the proposition that a party may be defaulted if they fail to personally appear at trial, even if represented by counsel at trial. *Sheepscot* presents a much narrower holding: a default may be entered against a party who fails to appear either personally or through counsel at trial. Thus, *Vondell v. Purdy*, 358 A.2d 534 (Me. 1976), held that the fact that a person is a party to a civil action does not in itself impose a legal obligation upon that person

to be present at trial. *Id.* at 536. There we stated, "if the opposite party wants to assure a party's availability to be called as a witness, the processes appropriate to compel the attendance of any witness must be utilized." *Id.*

[¶ 9] Healy, like the plaintiff corporation in *Sheepscot*, was not personally present at trial; however, unlike the plaintiff corporation in *Sheepscot*, Healy's counsel was present at trial to represent him. These facts make the case more analogous to *Twin Island Development Corp. v. Winchester*, 512 A.2d 319 (Me.1986), where a contractor sought recovery against a husband and wife for work the contractor completed but for which he was not paid. The husband had been defaulted for a discovery violation. *Id.* at 321. At the jury trial, the wife did not personally appear, but her attorney did appear. *Id.* at 326. Because she was represented by counsel, no default against the wife would have been appropriate. However, we approved an instruction indicating that the jury could draw an adverse inference from a party's choice not to appear, citing "[a] long line of Maine cases" involving a similar instruction at a civil trial after a party's failure to appear in person. *Id.*

[¶ 10] Evidence of a party's unexplained failure to appear in person is "highly relevant and probative evidence" at trial. *Id.* But such evidence must be considered at trial. It does not justify a default that avoids trial where, as here, the missing party is represented by counsel at the trial. Default was not proper upon Healy's failure to appear in person at trial.

B. Motion for Judgment as a Matter of Law

[¶ 11] We review a trial court's denial of a motion for judgment as a matter of law pursuant to M.R. Civ. P. 50(d) by examining the record in the light most favorable to the nonmoving party to determine "whether any reasonable view of the evidence, including all justifiable inferences to be drawn therefrom, can sustain the verdict." *Guardianship of Hughes*, 1998 ME 186, ¶ 20, 715 A.2d 919, 924. The burden is on the moving party to show that the adverse judgment is clearly and manifestly wrong. *Id.* ¶ 20, 715 A.2d at 924–25.

[¶ 12] Here, the court entered default, noting "the allegations of the complaint are taken to be admitted." Having entered the default, the court limited the plaintiff's evidence on the liability issue. On this record, with the court stating that the allegations of the complaint were admitted, it could not have granted Healy's motion for a judgment as a matter of law.

The entry is:

Default judgment is vacated. Remanded to the District Court for further proceedings consistent with this opinion.