STATE OF MAINE
CUMBERLAND, SS.

BUSINESS AND CONSUMER COURT
LOCATION: PORTLAND
DOCKET NO. BCD-CV-2016-36 ✓

BRIWAX INTERNATIONAL, INC.,

    Plaintiff

v.

LUSTERSHEEN DISTRIBUTING, LLC,
LARRY E. MANN, and
RENE R. VEILLEUX,

    Defendants

**JUDGMENT**

This matter came before the Court for trial on December 22, 2016. Plaintiff Briwax International, Inc. ("Briwax") was represented by Attorney David R. Dubord. JaLea Corte, President of Briwax, was present for the trial. Defendants Larry E. Mann ("Mann") and Rene R. Veilleux ("Veilleux") appeared pro se. Defendant Lustersheen Distributing, LLC was not represented by counsel at the time of the trial.

The case was filed originally on October 27, 2011 in Lewiston District Court. It was later transferred to Androscoggin Superior Court as trial was anticipated to be in excess of two hours long. When the matter was reached for trial on August 24, 2014, counsel represented to the Court that the case was settled and terms of the settlement were placed on the record. That settlement subsequently fell apart over a dispute concerning the language to be included in the mutual releases. That led Plaintiff to file a motion to enforce settlement on December 5, 2014. Following the filing of further motions, the motion to enforce was heard and denied on May 31, 2016. After the case was returned to the trial list, a judicial recommendation was made on December 7, 2016 to transfer this case to the Business and Consumer Docket. The case was accepted for transfer to

1

the BCD on December 14, 2016 and trial was held at Lewiston District Court on December 22, 2016.

At the conclusion of trial, the parties were asked to submit proposed judgments. Defendants Mann and Veilleux went beyond that and submitted exhibits and additional written testimony that had not been offered at trial. For the Court to consider that material would be unfair to the Plaintiff as there would be no opportunity for Plaintiff to cross examine such testimony. Further, Plaintiff has properly objected that the submissions lack proper foundation and also contain facts that are not relevant to the issues before the Court. Accordingly, such submissions by the Defendants are excluded and were not considered by the Court in rendering this Judgment.

## FINDINGS OF FACT

Following a review of the testimony and exhibits admitted into evidence at the trial, the Court makes the following findings of fact:

In January of 2000, Mann and Veilleux filed with the Maine Secretary of State Articles of Organization for Roger Edwards LLC. The only capital contribution made by Mann and Veilleux to Roger Edwards LLC was an initial capital contribution in the amount of $1.00 each when the company was formed. From its formation in 2000 to the present, Mann and Veilleux have been the sole members of Roger Edwards, LLC. Roger Edwards LLC has never hired any employees as Mann and Veilleux have themselves conducted all of the business of the company.

Commencing in the year 2000, Briwax sold wax products to Roger Edwards LLC on open account. During the period from 2000 to 2007, Roger Edwards LLC sold Briwax products at wholesale to its customers. During that same period, Mann and Veilleux also sold Briwax and other products at retail, operating as unincorporated partners under various trade names. All Briwax product sold at retail by Mann and Veilleux was taken from the Roger Edwards LLC

2

inventory without any compensation to Roger Edwards LLC. All of the businesses operated by Mann and Veilleux during this period, including Roger Edwards LLC, were internet based businesses. All orders for Briwax products were solicited over the internet using multiple internet addresses which were owned by Mann. Roger Edwards LLC was the main source of Mann's and Veilleux's income in 2007.

The businesses operated by Mann and Veilleux from 2000 to 2007, including Roger Edwards LLC, were all operated out of the residential real estate in Auburn, Maine where Mann and Veilleux have resided for 20 years. The Auburn real estate has at all times been owned by Mann. Substantially all of the office equipment used by Roger Edwards LLC was owned by Mann. The only significant assets of Roger Edwards LLC throughout the time it was actively engaged in business was its inventory and the proceeds from the sale of that inventory. All receipts from the wholesale or retail sales generated by Roger Edwards LLC and the other businesses operated by Mann and Veilleux were deposited into a savings account at Rainbow Federal Credit Union which stood in the names of Roger Edwards LLC and Mann as joint owners. Roger Edwards LLC and Mann as joint owners also at all relevant times had a money market and checking account at Rainbow Federal Credit Union.

In the latter part of 2007, Roger Edwards LLC failed to pay certain invoices owed to Briwax. On December 29, 2007, Mann wrote to JaLea Himes (now known at JaLea Corte), acknowledging that Roger Edwards LLC owed to Briwax the sum of $114,470.00. On December 31, 2007, Mann, on behalf of Roger Edwards LLC, wrote to JaLea Himes terminating Roger Edwards, LLC's contractual relationship with Briwax as of January 5, 2008. On January 8, 2008, Mann filed with the Maine Secretary of State a Statement of Intention to do Business Under an Assumed Name which indicated that Roger Edwards LLC intended to conduct business under the name Lustersheen. On February 20, 2008, Texas Attorney William P.

3

Remington, attorney for Briwax, wrote to Mann and Roger Edwards LLC a letter demanding payment of the overdue invoices owed to Briwax. Mann responded to Attorney Remington on the same day, requesting that no action be taken to collect on the account prior to March 15, 2008 in order to give Mann time to respond to Attorney Remington. Briwax agreed to delay collection action until March 15, 2008. On March 10, 2008, Mann and Veilleux signed an Operating Agreement forming Lustersheen Distributing, LLC. On March 19, 2008, Attorney Remington again wrote to Mann and Roger Edwards LLC demanding full payment of the overdue invoices. On March 26, 2008, Mann and Veilleux filed with the Maine Secretary of State the Articles of Organization for Lustersheen Distributing LLC. From its formation in 2008 to the present, Mann and Veilleux have been the sole members of Lustersheen Distributing LLC.

After January 5, 2008, Roger Edwards LLC could no longer obtain Briwax products from Briwax for wholesale distribution. Mann and Veilleux were faced with a significant loss of income as a result. Mann and Veilleux discussed marketing a private label wax product which was similar to Briwax's products. Prior to February 4, 2008, Mann and Veilleux had discussions with Flagg Paints, a company which had at one point manufactured Briwax, about developing a private label wax product called Lustra. On February 4, 2008, a payment was made from the Roger Edwards LLC checking account at Rainbow Federal Credit Union in the amount of $12,180.48 to Flagg Paints for Lustra wax. On February 1, 2008, the three accounts standing in the name of Mann and Roger Edwards LLC at Rainbow Federal Credit Union had a combined balance in the amount of $82,886.37. At least 65% of those funds were proceeds from the sale of products by Roger Edwards LLC. The February 4, 2008 payment to Flagg Paints was a deposit for the initial Lustra wax order. The order from Flagg Paints arrived in Mann's and Veilleux's possession six to eight weeks later. Additional payments were made to Flagg Paints

4

for Lustra wax on April 21, 2008, in the amount of $24,484.35, and on July 7, 2008, in the amount of $11,180.90. These additional payments to Flagg Paints were also made from the Roger Edwards LLC checking account at Rainbow Federal Credit Union from funds belonging to Roger Edwards LLC. All of these purchases from Flagg Paints were for inventory which was provided without charge to Lustersheen Distributing LLC and without requiring Lustersheen Distributing LLC to repay Roger Edwards LLC for the products purchased. Mann and Veilleux discussed each of these purchases beforehand and jointly agreed to make the purchases using the funds in the Roger Edwards LLC checking account at Rainbow Federal Credit Union and to the transfer of the items purchased to Lustersheen Distributing LLC.

From 2000 when Roger Edwards LLC was formed through 2010, Roger Edwards LLC maintained the three joint accounts with Mann at Rainbow Federal Credit Union described above. Mann and Veilleux never received paychecks or set draws from Roger Edwards LLC. Instead, Mann would pay some of his and Veilleux's personal expenses using the Roger Edwards LLC checking account. Veilleux relied on Mann to pay all of his personal expenses. Veilleux would charge some of his living expenses to a credit card which Mann would pay using the Roger Edwards LLC checking account. Mann would also frequently withdraw funds at ATMs from the Roger Edwards LLC checking account for his or Veilleux's personal use. Mann also had a separate personal account at Rainbow Federal Credit Union to which he would often transfer funds from the Roger Edwards LLC accounts at the credit union. By the end of 2010, the balance of the Roger Edwards LLC accounts at Rainbow Federal Credit Union was $166.69. All of the funds which had been in the Roger Edwards LLC accounts in January of 2008 and which were deposited thereafter had either been taken by Mann and Veilleux for their personal use or paid to or for the benefit of Lustersheen Distributing LLC.

5

On April 28, 2008, Briwax filed suit against Roger Edwards, LLC in the 199th District Court for the State of Texas. Roger Edwards LLC filed an answer to the Complaint in the Texas case on June 2, 2008. Roger Edwards LLC was represented in the Texas case by counsel. On October 20, 2009, Plaintiff recovered a judgment in the Texas case the amount of $114,470.00, plus attorney's fees of $25,000.00 and costs in the amount of $285.00. On or about August 10, 2010, Plaintiff filed the October 20, 2009 Texas judgment against Roger Edwards LLC in the Maine District Court, docket number LEWDC-CV-2010-978. On or about October 20, 2010, the Maine District Court issued a writ of execution against Roger Edwards LLC in the amount of $140,302.47. The Texas judgment and the Maine judgment have in no part been satisfied despite efforts by Briwax to collect the same.

Although Mann and Veilleux registered the assumed name of Lustersheen for Roger Edwards LLC and purchased Lustra inventory, Mann and Veilleux deliberately chose not to continue the business of Roger Edwards LLC but instead they diverted the funds of Roger Edwards LLC and the inventory purchased by Roger Edwards LLC to Lustersheen Distributing LLC. After Roger Edwards LLC was no longer able to obtain wax from Briwax to sell at wholesale, Mann and Veilleux by April of 2008 diverted Roger Edwards LLC funds to Lustersheen Distributing LLC by purchasing inventory for Lustersheen Distributing LLC and by using Roger Edwards LLC funds to pay Lustersheen Distributing LLC expenses. They offered no satisfactory explanation as to why Roger Edwards LLC could not have continued to operate after December of 2007 by selling Lustra products. Mann and Veilleux organized Lustersheen Distributing LLC while Roger Edwards LLC was facing the threat of litigation by Briwax. Mann and Veilleux purchased inventory for Lustersheen Distributing LLC using Roger Edwards LLC funds before and while litigation was pending between Roger Edwards LLC and Briwax. Mann and Veilleux let Roger Edwards LLC die on the vine while earnestly building up

6

Lustersheen Distributing LLC's business. Lustersheen Distributing LLC used the same office equipment, fax number, and one of the same phone numbers as Roger Edwards LLC, operated out of the same location as Roger Edwards LLC, used same vehicles and customer lists, and generated sales using some of the same websites as Roger Edwards LLC. For a period of time, Roger Edwards LLC and Lustersheen Distributing LLC even used the same name, Lustersheen, to conduct business.[1] On September 14, 2009, Mann filed with the State of Maine a termination of Roger Edwards LLC's statement of intention to do business as Lustersheen. This termination was filed just a little more than one month before the Texas judgment was entered against Roger Edwards LLC.

## CONCLUSIONS OF LAW

Based upon the foregoing findings of fact, the Court makes the following conclusions of law:

Lustersheen Distributing LLC was not represented by counsel when this case was called for trial. Mann and Veilleux had previously entered their appearances for Lustersheen Distributing LLC following the withdrawal of Lustersheen Distributing LLC's attorney from this case. At the commencement of the trial and at the request of Briwax's counsel, this Court entered Lustersheen Distributing LLC's default for failure to appear for the trial. Mann and Veilleux are not attorneys authorized to practice law before the courts of this state. Although the statute governing the unauthorized practice of law, 4 M.R.S. § 807, contains certain provisions allowing members of a limited liability company to appear in court on behalf of the company,

---

[1]The stated corporate purposes for each company are nearly identical. On February 12, 2009, Mann filed the Annual Report with the State of Maine for Lustersheen Distributing LLC, in which the character of its business is described as "wholesale sales of various wood care products, mostly imported, and metal wool products." Also on February 12, 2009, Mann filed the Annual Report with the State of Maine for Roger Edwards LLC, in which the character of its

7

none of those exceptions apply to this case. Lustersheen Distributing LLC therefore failed to appear for trial. "A default may be entered against a party who fails to appear either personally or through counsel at trial." *Owen v. Healy*, 2006 ME 57, ¶ 8, 896 A.2d 965, 967. Lustersheen Distributing LLC's default has already been entered by this Court. "When a default is entered against a defendant, the allegations in the plaintiff's complaint are deemed to be true and become findings of fact." *McAlister v. Slosberg*, 658 A.2d 658, 660 (Me.1995), cited most recently in *Samsara Memorial Trust v. Kelly, Remmel & Zimmerman*, 2014 ME 107, ¶ 46, 102 A.3d 757, 772. Briwax has asserted claims against Lustersheen Distributing LLC based on the Texas judgment. Briwax's damages have therefore been clearly established by the Texas judgment. Therefore, judgment will enter on Counts I, II and III of the Complaint in this case against Lustersheen Distributing LLC in the amount of the Texas judgment, plus interest and costs.

Count IV of Briwax's Complaint asserts a cause of action against Mann and Veilleux individually based upon a claim of fraudulent transfer. Maine's Fraudulent Transfer Act, 14 M.R.S. § 3571 et seq. (the "Act"), defines fraudulent transfers and the remedies afforded to creditors who successfully prove that a transfer is fraudulent. Under the Act, a transfer is fraudulent as to a present or future creditor if the debtor made the transfer: A) with actual intent to hinder, delay or defraud the creditor; or B) if the debtor did not receive reasonably equivalent value and should have believed that debtor would incur debts beyond ability to pay. 14 M.R.S. § 3575(1).

Actual intent elements include: a) transfer to insider; b) debtor retained possession or control after transfer; c) transfer was concealed; d) before transfer, debtor sued or was threatened with suit; e) transfer was of substantially all of debtor's assets; f) debtor absconded; g) debtor

---

business is described as "wholesale sales of imported wood finishing products through use of the internet and various websites and offsite means."

removed or concealed assets; h) consideration not reasonably equivalent to value of transferred asset; i) debtor was insolvent or became insolvent shortly after the transfer; j) transfer was just before or after a substantial debt was incurred; k) debtor transferred assets of the business to a lienor who had transferred the assets to an insider of the debtor. 14 M.R.S. § 3575(2).

Looking at the definition of fraudulent transfer set forth in 14 M.R.S. § 3575(1) and the indicia of actual intent enumerated in 14 M.R.S. § 3575(2), the following facts indicate an intent to hinder, delay or defraud Briwax by Roger Edwards LLC: 1. Roger Edwards LLC transferred at least $47,485.65 of its assets to Lustersheen Distributing LLC in the form of inventory purchases from Flagg Paints, which inventory purchases were transferred to Lustersheen Distributing LLC for no consideration at all; 2. Lustersheen Distributing LLC was an insider of Roger Edwards LLC at the time of the transfers of inventory to Lustersheen Distributing LLC because Roger Edwards LLC and Lustersheen Distributing LLC were both owned and controlled by Mann and Veilleux and no one else; 3. The transfers of inventory to Lustersheen Distributing LLC by Roger Edwards LLC were made before Briwax threatened to sue Roger Edwards LLC and while the Texas lawsuit against Roger Edwards LLC was pending; 4. The transfers of inventory to Lustersheen Distributing LLC by Roger Edwards LLC constituted substantially all of Roger Edwards LLC's assets, leaving Roger Edwards LLC insolvent; 5. The transfers of inventory to Lustersheen Distributing LLC by Roger Edwards LLC occurred shortly after Roger Edwards LLC had incurred a substantial debt with Briwax; and 6. The transfers of inventory to Lustersheen Distributing LLC by Roger Edwards LLC were not disclosed to Briwax when made and were only discovered in the course of this litigation as a result of Briwax's use of discovery devices.

In addition to these statutory indicia of actual intent, which are not exclusive, the Court also finds that Mann and Veilleux intentionally and deliberately embarked on a course of action

9

commencing in late 2007 and early 2008 to abandon Roger Edwards LLC and create Lustersheen Distributing LLC in order to divert Roger Edwards LLC's assets to Lustersheen Distributing LLC and thereby make those assets unavailable to satisfy the claims of Briwax. At trial, Mann and Veilleux indicated that they did not disagree with the Texas judgment and they acknowledged that Roger Edwards LLC did in fact owe some entity for the overdue invoices which underlie the Texas judgment. Mann also testified that it was Roger Edwards LLC's intent to pay for the product represented by the Briwax invoices that underlie the Texas judgment. Yet, after terminating the Roger Edwards LLC contract with Briwax as of January 5, 2008, Mann and Veilleux as early as February of 2008 began purchasing inventory from Flagg Paints using Roger Edwards LLC funds, which inventory would be diverted to Lustersheen Distributing LLC without cost to Lustersheen Distributing LLC. Since Roger Edwards LLC had at that point lost its major product supplier, namely Briwax, and had ceased selling products after December of 2007, there was no hope of Roger Edwards LLC receiving additional income or assets after January of 2008 with which to pay the Briwax claim. In fact, Mann's testimony at his deposition was that Roger Edwards LLC only had a few thousand dollars in accounts receivable after it terminated its contract with Briwax in January of 2008. By the time that Briwax obtained a judgment against Roger Edwards LLC in October of 2009, almost all of the funds in Roger Edwards LLC's credit union accounts had been depleted and either taken by Mann and Veilleux for their personal use or diverted to Lustersheen Distributing LLC. Further, after receiving a demand letter from Briwax's counsel in February of 2008, Mann requested until March 15, 2008 to respond. Meanwhile, on March 15, 2008, Mann and Veilleux signed articles of organization creating Lustersheen Distributing LLC, setting up a new company to which Roger Edwards LLC's assets could be transferred. The Court does not find Mann's testimony regarding his and Roger Edwards LLC's intentions to pay the Briwax debt to be credible. The Court therefore

10

finds that the inventory transfers from Roger Edwards LLC to Lustersheen Distributing LLC were made with the intent to hinder, delay or defraud Briwax in its attempts to collect the sums due to it and were therefore fraudulent transfers under the Act.

Turning to the alternate definition of fraudulent transfer found in 14 M.R.S. § 3576(1), the Act provides an alternate basis for liability for fraudulent transfers as to existing creditors which has no requirement of actual intent by the transferor to defraud the creditor. Under that section, a transfer is fraudulent if the debtor does not receive reasonably equivalent value for the asset transferred and the debtor was insolvent or became insolvent as a result of the transfer. 14 M.R.S. § 3576(1). As noted above, the inventory purchases from Flagg Paints by Roger Edwards LLC were transferred to Lustersheen Distributing LLC without any payment by Lustersheen Distributing LLC to Roger Edwards LLC whatsoever. Hence, Roger Edwards LLC received no value for the transfers at all. Also as noted above, the purchase of the Flagg Paints inventory by Roger Edwards LLC substantially depleted Roger Edwards LLC's assets and left it incapable of paying its debts, including the debt owed to Briwax. In fact, even before the purchases of the Flagg Paints inventory, Roger Edwards LLC did not have sufficient funds in credit union accounts to pay the Briwax claim in full. At trial, Mann did not satisfactorily explain how Roger Edwards LLC could have paid the Briwax claim in full after December 2007 when Roger Edwards LLC essentially stopped generating new revenues except to say that Roger Edwards LLC had some accounts receivables on its books which at his deposition he testified amounted to only a few thousand dollars. Any receivables that Roger Edwards LLC may have collected after December of 2007 would not have been sufficient, coupled with the balance in Roger Edwards LLC's credit union accounts, to pay the Briwax claim in full. Roger Edwards LLC was therefore insolvent both at the time of the transfers of inventory to Lustersheen Distributing LLC and thereafter. Therefore, the Court finds that the inventory transfers from

11

Roger Edwards LLC to Lustersheen Distributing LLC were fraudulent transfers under section 3576(1) the Act.

Having found that the inventory transfers from Roger Edwards LLC to Lustersheen Distributing LLC were fraudulent, the Court must now decide if Mann and Veilleux can be held individually liable for the transfers. "Corporate officers who participate in wrongful acts can be held liable for their individual acts, and such liability is distinct from piercing the corporate veil. *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir.1978). The individual liability stems from participation in a wrongful act, and not from facts that must be found in order to pierce the corporate veil. *Id.*" *Advanced Const. Corp. v. Pilecki*, 2006 ME 84, ¶ 13, 901 A.2d 189, 195. This same principal has been extended to wrongful acts by members of a limited liability company. *See Blue Star Corp. v. CFK Properties, LLC*, 2009 ME 101, ¶ 44, 980 A.2d 1270, 1280; *Town of Lebanon v. East Lebanon Auto Sales, LLC, et al.*, 2011 ME 78, ¶ 9 n. 3, 25 A.3d 950, 953; *Faith Temple v. DiPietro*, 2015 ME 166, ¶ 34 n. 11, 130 A.3d 368, 380. Mann testified at trial that he personally ordered the inventory from Flagg Paints using Roger Edwards LLC funds and then transfered the inventory to Lustersheen Distributing LLC, and that he and Veilleux discussed this course of action and agreed to the same. Mann and Veilleux were the only members of Roger Edwards LLC and controlled the company in all respects. They cannot now attempt to hide behind the shield of the limited liability company to prevent the Court from imposing liability upon them for their fraudulent scheme. The Court therefore finds that both Mann and Veilleux are personally liable for the fraudulent transfers made by Roger Edwards LLC to Lustersheen Distributing LLC.

Remedies available to a creditor who prevails in a fraudulent transfer action are set out in 14 M.R.S. § 3578. Most of the remedies specified in section 3578 are unavailing in this case as the tranferred assets, i.e. inventory purchased in 2008, has in the intervening years likely been

12

sold by Lustersheen Distributing LLC. The Court finds that the most appropriate remedy is to award Briwax damages in double the amount of the transferred property. 14 M.R.S. § 3578(1)(C)(3). Since the inventory purchases in question totaled $47,485.65, the Court finds that a judgment against Mann and Veilleux in the amount of $95,691.30 is appropriate.

Count V of Briwax's Complaint asserts a cause of action against Mann and Veilleux individually based upon a claim of piercing the corporate veil. To pierce the corporate veil and disregard the corporate entity, a plaintiff must establish that: (1) the defendant abused the privilege of a separate corporate identity; and (2) an unjust or inequitable result would occur if the court recognized the separate corporate existence (per *Blue Star Corp. v. CKF Properties, LLC*, 2009 ME 101, ¶ 43, 980 A.2d 1270, 1280). The principles enunciated by the Law Court regarding the piercing of corporations apply equally to piercing limited liability companies. *See, Town of Lebanon v. East Lebanon Auto Sales, LLC, et al.*, 2011 ME 78, ¶ 8, 25 A.3d 950, 953. *See also Blue Star Corp. v. CFK Properties, LLC*, 2009 ME 101, ¶¶ 43-44, 980 A.2d 1270, 1280.

Factors to weigh when considering abuse of privilege of corporate identity: common ownership, pervasive control, confusing commingling of business activity or assets or management, thin capitalization, nonobservance of corporate formalities, absence of corporate records, no payment of dividends, insolvency at the time of the litigated transaction, siphoning away of corporate assets by shareholders, nonfunctioning of officers and directors, use of entity for shareholder transactions, use of entity to promote fraud. *See Johnson v. Exclusive Properties Unlimited*, 1998 ME 244, ¶ 7, 720 A.2d 568, 571 (reviewing elements in use in Massachusetts).

In this case, the following facts justify the piercing of Roger Edwards LLC as an entity and the imposition of liability upon Mann and Veilleux for the judgment entered in Texas and registered in Maine: 1. The only capital contributions made by Mann and Veilleux to Roger Edwards LLC were contributions of $1.00 apiece when the limited liability company was

13

formed. The only assets ever owned by Roger Edwards LLC during its entire existence were inventory and the cash proceeds of the sale of inventory, which were extremely fungible. All of the vehicles, office equipment, telephone numbers, websites, and the real estate used to operate the business were owned by Mann individually. 2. All of the cash proceeds derived from the operation of the Mann and Veilleux unincorporated businesses, Roger Edwards LLC and Lustersheen Distributing LLC were commingled in the credit union accounts of Roger Edwards LLC and Mann at Rainbow Federal Credit Union, creating confusion as to the source of the funds therein. 3. Mann routinely used funds in the Roger Edwards LLC credit union accounts to pay his and Mann's personal expenses even though Mann had a separate personal credit union account. 4. Mann and Veilleux never received paychecks from Roger Edwards LLC nor did they ever institute any defined system of draws from the business, instead treating the funds in the business account as their own and using the funds therein to pay personal expenses as they saw fit, in addition to withdrawing funds from those accounts for personal use at random times and in random amounts. 5. By using Roger Edwards LLC Briwax inventory to sell at retail through their unincorporated businesses, without any compensation to Roger Edwards LLC for such inventory, Mann and Veilleux siphoned off Roger Edwards LLC assets for their own profit. 6. At the time that Roger Edwards LLC incurred the debt to Briwax which is the subject of the Texas judgment, Roger Edwards LLC did not have sufficient funds to pay Briwax in full and was therefore insolvent. 7. Mann and Veilleux operated Roger Edwards LLC, Lustersheen Distributing LLC, and their unincorporated businesses out of the same location, using common assets owned by Mann and common telephone and fax numbers and common websites, which created confusion as to which business a creditor or customer was doing business with. 8. Mann and Veilleux used the assets of Roger Edwards LLC to commit fraud as detailed above. 9. Mann and Veilleux made all customer information belonging to Roger Edwards LLC available

14

to Lustersheen Distributing LLC for its benefit without any compensation to Roger Edwards LLC. The Court finds that these facts justify piercing the corporate veil.

The Court also finds that an unjust result would occur if the corporate veil were not pierced. Briwax's judgment against Roger Edwards LLC is uncollectible. Roger Edwards LLC has no assets, has not operated actively in business since 2008, and according to Mann's testimony, is only being kept in active status with the Secretary of State until this litigation is resolved. In light of these facts, the Court finds that Mann and Veilleux have personal liability for the Briwax debt and that the corporate existence of Roger Edwards LLC should be pierced to achieve this result.

## RELIEF GRANTED

In consideration of the foregoing, it is hereby **ORDERED**:

That judgment be entered on Counts I (Successor Liability-De Facto Merger), II (Successor Liability-Mere Continuation) and III (Successor Liability-Fraudulent Transfer) of the Complaint in favor of Plaintiff Briwax International, Inc. against Defendant Lustersheen Distributing LLC in the amount of $139,755.00, plus $14,072.70 (representing interest at the Texas statutory post-judgment rate of 5% per year from October 20, 2009 to the date of filing here on October 25, 2011), plus pre-judgment and post-judgment interest at the Maine statutory rate, plus costs.

That judgment be entered on Count IV (Individual Liability-Uniform Fraudulent Transfer Act) of the Complaint in favor of Plaintiff Briwax International, Inc. against Defendants Larry E. Mann and Rene R. Veilleux in the amount of $95,691.30 plus pre-judgment interest and post-judgment interest at the Maine statutory rate, plus costs.

That judgment be entered on Count V (Individual Liability-Piercing the Corporate Veil) of the Complaint in favor of Plaintiff Briwax International, Inc. against Defendants Larry E.

15

Mann and Rene R. Veilleux in the amount of $139,755.00, plus $14,072.70 (representing interest at the Texas statutory post-judgment rate of 5% per year from October 20, 2009 to the date of filing here on October 25, 2011), plus pre-judgment and post-judgment interest at the Maine statutory rate, plus costs.

This Judgment is intended to be a final judgment in this matter. To the extent not already granted or denied, any remaining motions in this matter are denied as moot.

The Clerk is instructed to enter this Order on the docket for this case incorporating it by reference.

DATED: February 7, 2017

RICHARD MULHERN
JUDGE, MAINE BUSINESS COURT

16

**Briwax International, Inc.  v.**
**Lustersheen Distributing, LLC,**
**Larry E. Mann and Rene R. Villeux**

**BCD-CV-2016-36**


Briwax International, Inc.

David Dubord, Esq.
8 Lisbon St.
Lewiston, ME 04243


Lustersheen Distributing, LLC,
Larry E. Mann and Rene R. Villeux

Pro-se